**James W. HOUSTON and Phyllis Houston, Respondents,**

**v.**

**Theresa M. NORTHUP, Appellant.**

**No. 55491.**

Supreme Court of Missouri, En Banc.

Nov. 9, 1970.

Rehearing Denied and Opinion Modified on Court's Own Motion Dec. 14, 1970.

Dale, Potter & Flynn, Whitney W. Potter, St. Joseph, for respondents.

Max W. Foust, and Duke W. Ponick, Jr., of Morris, Foust, Moudy & Beckett, and Meyer & Graeff, Robert J. Graeff, Kansas City, for appellant.

Carl F. Sapp, Columbia, Mo. Assn. of Trial Attorneys, amicus curiae.

Eugene E. Andereck, Trenton, Horace S. Haseltine, Springfield, James W. Jeans, Kansas City, John P. Montrey, St. Louis, James E. Reeves, Caruthersville, Donald L. Schlapprizzi, St. Louis, Reed O. Gentry, Kansas City, amicus curiae.

FINCH, Judge.

■ This appeal is from a judgment wherein James W. Houston recovered (on Count I) the sum of $2,000.00 for personal injuries received in an automobile collision and his wife (on Count V) recovered $500.-00 for loss of services and consortium.[1] The case was affirmed on appeal by the Kansas City Court of Appeals, but we ordered the case transferred and we now decide it as though here on original appeal. Article V, § 10, Constitution of Missouri, 1945, V.A.M.S. We reverse and remand.

After the jury had deliberated for a time, its foreman sent the following note to the trial judge:

Judge Connett:

Instruction No. 6 states that *"whether or not* Defendant was negligent if you believe:

First, Plaintiff James W. Houston failed to keep a careful lookout * * *

---

1. Counts II, III and IV were not submitted to the jury.

Instruction No. 7 says "Your verdict must be for plaintiff * * * *whether or not* plaintiff James W. Houston was negligent, if you believe * * *

The above instructions seem contradictory—could you please clarify the instructions.

(Signed)   Ed Blakeley, Foreman

In response thereto, the court on its own motion, and over the objection of defendant, gave an additional instruction (No. 18) to the jury, as follows:

In response to your question the Court gives you this further instruction:

This case is submitted to you on alternate theories by which the plaintiff may recover from the defendant. Instructions numbered 4, 5 and 6 are applicable to one theory, and Instructions numbered 7 and 8 are applicable to the other theory of recovery.

Instruction No. 6 refers only to Instruction No. 4 and has no reference to Instruction No. 7.

You may note that this same situation applies to Count V.

The single issue presented to us on this appeal is whether the giving of Instruction No. 18 constituted prejudicial error for which defendant is entitled to a new trial.

James W. Houston submitted his claim on both primary and humanitarian negligence theories. Instruction No. 4 submitted recovery based on primary negligence. It was a combination of MAI 17.04 and 17.05 [2] in the form prescribed by MAI 17.02 for submission of multiple negligent acts. That instruction (No. 4) was as follows:

Your verdict must be for plaintiff, James W. Houston, on Count I of his petition if you believe:

First: Defendant either:

Failed to keep a careful lookout, or

Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have

Stopped

Swerved

Slackened her speed

Slackened her speed and swerved

Sounded a warning

but said defendant failed to do so.

Second: Defendant was thereby negligent, and

Third: As a direct result of such negligence, said plaintiff sustained damage.

unless you believe said plaintiff is not entitled to recovery by reason of Instruction No. 6.

In response to Instruction No. 4, defendant gave a contributory negligence instruction. It (No. 6) was MAI 32.01, modified pursuant to Note 2 of the Committee's Notes on Use,[3] as follows:

Your finding under Instruction Number 4 must be for Defendant on Count I of Plaintiff's claim for damages whether or not Defendant was negligent if you believe:

First, Plaintiff James W. Houston failed to keep a careful lookout; and

Second, Plaintiff James W. Houston's conduct in the respect submitted in paragraph First, was negligent; and

2. All references to MAI are to Missouri Approved Jury Instructions, Second Edition.

3. The instruction contained the optional phrase "whether or not defendant was negligent" and substituted the word "finding" for "verdict" to make it clear that the jury was not dealing with ultimate recovery but only with one theory of recovery. See MAI, p. 315.

Third, Such negligence of Plaintiff James W. Houston directly caused or directly contributed to cause any damage Plaintiff may have sustained.

Plaintiff's alternative submission of humanitarian negligence based on MAI 17.-15 [4] was as follows (No. 7):

Your verdict must be for plaintiff, James W. Houston, on Count I of the petition, whether or not plaintiff, James W. Houston, was negligent, if you believe:

First: Plaintiff, James W. Houston, was in a position of immediate danger of being injured and was injured, and

Second: Defendant knew or by using the highest degree of care could have known of such position of immediate danger, and

Third: At the moment when defendant first knew or could have known of such position of immediate danger, defendant still had enough time so that by using the means available to her, and with reasonable safety to herself and all others and by using the highest degree of care she could have avoided injury to plaintiff by either stopping, sounding a warning, slackening her speed or swerving.

Fourth: Defendant negligently failed to so slacken her speed or swerve, or stop, or sound a warning.

Fifth: Plaintiff's injury directly resulted therefrom.

In response to Instruction No. 7, defendant gave Instruction No. 8, a converse instruction based on MAI 33.06(4), as follows:

Your finding must be for defendant under Instruction number 7 on Count I of plaintiff James W. Houston's claim unless you believe that defendant by using the highest degree of care could have avoided injury to plaintiff by either stopping, sounding a warning, slackening her speed or swerving without danger to herself.

■ At the outset, we point out that no question is raised as to the correctness of any of the above quoted instructions. It is not contended that they failed to comply literally with MAI. Furthermore, no contention is made that the utilized MAI prescribed instructions are inadequate or unclear in any way. Consequently, we are not confronted with a situation where some error in an instruction has been discovered after the jury has been deliberating. Instruction No. 18 was not given to correct some error or deficiency in the instructions previously given. Rather, it was given simply in response to the quoted note from the jury foreman.

Something is said in one of the briefs about the emergency created by the juror's question to the court, but we are unable to agree that what occurred constituted an emergency. The jury foreman's note raised a question whether Instructions 6 and 7 conflicted, but the judge could have told the jury that in his opinion the instructions given were proper and all he could give them, and that they should go back and read them again. The instructions given were clear and understandable. No contention to the contrary is asserted, and the experience of several years use of these instructions further so indicates. It was not necessary to give an additional instruction for the purpose of explaining or clarifying the instructions previously given.

Implicit in a scheme of approved pattern instructions such as MAI is the central idea that such instructions do not require further clarification or amplification. They submit ultimate issues and do so adequately. Consequently, we have held in cases such as Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, and Murphy v. Land, Mo., 420 S.W.2d 505, that change in the prescribed language other than the author-

4. It contained the optional language "whether or not plaintiff was negligent," as authorized in Note 1 of the Committee's Notes on Use, MAI, p. 159.

ized modifications is not permissible and constitutes error.[5] Necessarily, it also follows that it is not permissible to modify or enlarge or change or explain MAI instructions by separate instructions not provided for or authorized in MAI. To permit modification, clarification or improvement by separate instructions would be just as objectionable as doing so within the body of the prescribed instructions. If plaintiff had tendered Instruction No. 18 at the outset, to be given along with Instructions 4, 6, 7 and 8, it is perfectly clear that the court should have refused it under the doctrine of Brown v. St. Louis Public Service Company, Murphy v. Land, and similar cases. If the instruction was not proper or permissible then, it likewise was not permissible or authorized when given. MAI makes no provision for, and does not authorize or contemplate that trial judges will devise additional instructions seeking to explain or amplify instructions which conform to MAI.[6]

We emphasize again that we are not dealing on this appeal with a situation in which, having discovered while the jury was deliberating that an erroneous instruction had been given, the court sought by supplemental instruction to correct that error. Such a situation is not presented and we do not rule thereon. Rather, we deal with a situation as indicated, where the given instructions were correct and no contention was or is made that they were in any way deficient or erroneous or failed to comply with MAI. Under those circumstances, the giving of Instruction No. 18 was error.

■ It remains for us to determine, pursuant to Supreme Court Rule 70.01(c), V.A.M.R., whether the giving of Instruction No. 18 constituted prejudicial error. This is not a situation wherein prejudice is presumed, pursuant to Brown v. St. Louis Public Service Co., supra, 421 S.W.2d 1. c. 259, "unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation," because in this case the instruction was given on the court's own motion and not at the request of either party.

■ Instruction No. 18 states that there are alternative theories on which plaintiff may recover. It says nothing about instructions also submitting theories or bases on which plaintiff may not be entitled to recover. As defendant points out, it emphasizes to the jury that there are two theories on which plaintiff may recover, but makes no reference to the existence of defenses thereto. We conclude and hold that this was prejudicial to defendant. Accordingly, defendant is entitled to a new trial.

Reversed and remanded.

HENLEY, C. J., and DONNELLY, SEILER and HOLMAN, JJ., concur.

MORGAN, J., dissents in separate dissenting opinion.

BARDGETT, J., dissents and concurs in separate dissenting opinion of MORGAN, J.

MORGAN, Judge (dissenting).

Acceptance by a jury of the task of deciding disputed issues of fact, and blending such findings into the law as given to it by the trial judge in his instructions, has provided the foundation upon which our system of jurisprudence rests. Absent knowledge to the contrary, the system de-

---

5. The Court has a standing Supreme Court Committee on Jury Instructions which considers new instructions or revisions of existing instructions and which makes periodic reports and recommendations to the Court. Any member of the Bar is free to submit suggested revisions or additions to that committee at any time.

6. In connection with the consideration of this question, the Court invited its standing Committee on Jury Instructions and certain bar organizations to file amicus curiae briefs on the question presented. That was done and those briefs were considered in the decision which we reach.

mands unbending faith that each of the twelve lay members of the jury fully understands such instructions and comprehends the theories, both of recovery and defense, declared therein. However, the facts of this case present a very fundamental challenge, i. e., what are the alternatives when a jury, presumably in good faith and with dedication to its task, admits its confusion and inability to understand the law announced by the trial judge? There can be only two choices: (1) allow the trial judge to do nothing and, as suggested by the majority opinion, advise "that they should go back and read them [instructions] again," or (2) allow the trial judge to accept the truth and attempt to eliminate the confusion. Of the two possibilities, I prefer the latter.

It is not the purpose of this dissent to belittle the merits of the alternative chosen in the majority opinion, but its inherent weakness is evident in the fact that such alternative refuses to attempt to solve a difficult problem. The jury, after admitting its confusion, is returned to the jury room to prepare a verdict regardless and it is then to be embraced as intelligently made. Admittedly, there is some slight possibility the jury may resolve its confusion without assistance, but I am convinced the possibility is much greater if the trial judge is given the privilege of attempting to remove the confusion. A verdict under the latter approach certainly can be accepted with a greater feeling of confidence.

Instructions can have only two purposes: (1) to properly instruct the jury as to the applicable law, and (2) to meet the demands of the law as construed by appellate courts. Unless they meet the requirements of the first, the second is rather an academic adventure.

Neither do I believe the second alternative is a threat to the "pattern form of instructions" as inferred in the majority opinion. Their great value to the profession is recognized by all, and particularly by the trial judge who must resolve instruction questions in the hurried atmosphere of the courtroom. He would be the last to do anything damaging to the system. In fact, the M.A.I. Committee in its "How To Use This Book" instructions, page LIII, described the trial judge as "the most important man in our judicial system." This truth is much more consistent with the second alternative available. If, after careful consideration, the trial judge believes he can fairly remove the admitted confusion by answering the question posed, he should be allowed to do so. To rule otherwise, fails to use the judicial experience of over one hundred trial judges in solving a difficult problem.

In addition, I find nothing prejudicial in the answer given by the trial judge in this case and believe it an excellent example of how trial judges can alleviate the problem when it arises. Under the circumstances, an effort to explain "why" would be to no avail if such an effort can not be made in the first place.

I respectfully dissent.

BARDGETT, J., concurs.