Charles C. TEANEY, by his next friend, Minnie F. Eggleston, Appellant,

v.

CITY OF ST. JOSEPH, Missouri, Respondent.

No. KCD28562.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Robert D. Colley, St. Joseph, for appellant.

Gary A. Fenner, St. Joseph, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

WASSERSTROM, Presiding Judge.

This suit was brought by Charles C. Teaney, a minor, for personal injuries suffered by him, and by his mother for loss to her of his services. Only the claim for personal injuries was submitted to the jury, and that resulted in a verdict for defendant.

On this appeal, plaintiff presents the following points: (1) that the court submitted an improper instruction on contributory negligence; (2) that the court failed to properly define the standard of care required of the minor plaintiff; and (3) that the court erred in giving an additional instruction in response to a jury request after the jury had retired for its deliberations. We reverse on the last of these points.

The injuries in question occurred in Pryor Park, a public park in St. Joseph, Missouri. The City had erected a martin house consisting of a bird house on a metal pole approximately 15 feet in height. After being in place only a short time, the pole was knocked down and it, along with the bird house, disappeared. After the pole was broken, approximately 3 or 4 inches of the metal post protruded from the ground where it was set in a large concrete base of about 500 pounds.

About a week after the bird house had been torn down, plaintiff was playing football in Pryor Park with three other boys. One of the other boys kicked an onside kick, plaintiff dove for the football and his knee skidded across the metal post protruding from the ground, thereby causing serious injuries to his leg and knee.

Plaintiff submitted his case to the jury under the following verdict director, Instruction No. 3:

"Your verdict must be for the plaintiff if you believe:

First, there was a metal pole extending from the ground within the public park and as a result the park was not reasonably safe for its users, and

Second, plaintiff did not know at the time of the occurrence and by using ordinary care could not have known of this condition, and

Third, defendant knew or by using ordinary care could have known of this condition, and

Fourth, defendant failed to use ordinary care to remove it, and

Fifth, as a direct result of such failure, plaintiff was injured unless you believe plaintiff is not entitled to recover by reason of Instruction No. 6 ."

After the jury had retired to the jury room for deliberation, it sent the following written message to the trial judge:

"First. in Instruction No. 3—

Does the Jury have to believe all *five* of the provisions—We can agree on part of them but not all five—

/s/ Delmas Farris. Foreman"

After oral argument by the attorneys and over the objections of both parties, the court wrote the following on the bottom of the same sheet of paper and handed it back to the bailiff to give to the jury.

"I suggest that you reread Instruction # 3 and note the word 'and' at the end of each of the first four propositions.

/s/ Frank D. Connett, Jr.

P.S. I also suggest that you reread Instruction # 2.

/s/ F.C."

Instruction No. 2, so referred to by Judge Connett, was as follows:

"In these instructions you are told that your verdict depends on whether or not you believe certain propositions submitted to you. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. The burden is upon plaintiff to cause you to believe the propositions necessary to support his claim against defendant. The burden is upon the defendant to cause you to believe the propositions necessary to support its defense that plaintiff was contributorily negligent as submitted in Instruction No. 6 . If the evidence in the case does not cause you to believe a particular proposition submitted or if you are unable to form a belief as to any such proposition, then you cannot return a verdict requiring belief of that proposition."

■ By giving the additional instruction in response to the jury's request after it had retired, the trial court ran afoul of the rule announced in *Houston v. Northup*, 460 S.W.2d 572 (Mo. banc 1970). In that case the plaintiff had submitted his claim for personal injuries on both affirmative negligence and also humanitarian negligence. After the jury had retired for deliberation it sent a message to the court saying that it found the instructions to be in apparent conflict and requested clarification. The trial court undertook to explain to the jury that each instruction related to a different theory of recovery and that there existed no conflict between them. The Missouri Supreme Court en banc found this to be reversible error, holding in this respect as follows:

"The jury foreman's note raised a question whether Instructions 6 and 7 conflicted, but the judge could have told the jury that in his opinion the instructions given were proper and all he could give them, and that they should go back and read them again. The instructions given were clear and understandable. No contention to the contrary is asserted, and the experience of several years use of these instructions further so indicates. It was not necessary to give an additional instruction for the purpose of explaining or clarifying the instructions previously given.

"Implicit in a scheme of approved pattern instructions such as MAI is the central idea that such instructions do not require further clarification or amplification. They submit ultimate issues and do so adequately. Consequently, we have held in cases such as *Brown v. St. Louis Public Service Co.*, Mo., 421 S.W.2d 255, and *Murphy v. Land*, Mo., 420 S.W.2d 505, that change in the prescribed language other than the authorized modifications is not permissible and constitutes error. Necessarily, it also follows that it is not permissible to modify or enlarge or change or explain MAI instructions by separate instructions not provided for or authorized in MAI. To permit modification, clarification or improvement by separate instructions would be just as objectionable as doing so within the body of the prescribed instructions. If plaintiff had tendered Instruction No. 18 at the outset, to be given along with Instructions 4, 6, 7 and 8, it is perfectly clear that the court should have refused it under the doctrine of *Brown v. St. Louis Public Service Company, Murphy v. Land*, and similar cases. If the instruction was not proper or permissible then, it likewise was not permissible or authorized when given. MAI makes no provision for, and does not authorize or contemplate that trial judges will devise addi-

tional instructions seeking to explain or amplify instructions which conform to MAI." (footnotes omitted)

Likewise here, it was not permissible for the trial court to attempt to clarify the instructions upon which the case had been submitted and which fully met the standards of MAI. The attempt by the court to do so clearly constituted error.

However, *Houston v. Northup* also holds that the commission of this error does not produce "a situation wherein prejudice is presumed, pursuant to *Brown v. St. Louis Public Service Co.*, 421 S.W.2d 255, 1. c. 259." The question therefore remains for inquiry: Did the trial court's error here prejudice plaintiff?

Of crucial importance in answering that question is the fact that the jury's question to the trial judge related only to the necessity of finding all of the five elements set forth in Instruction No. 3. Especially to be noted is the fact that the jury made no inquiry relating to the burden of proof.

The question that the jury did ask had already been fully covered by Instruction No. 3, and it is difficult to understand why the jury was in doubt as to whether it had to find all of the elements set forth. Considering the lack of ambiguity in Instruction No. 3, it should have been sufficient for the trial judge to simply follow the recommendation of the Bench Book for Missouri Trial Judges, § 14.82, where it is suggested that in this type of situation the court respond to the jury's communication substantially as follows:

"LADIES AND GENTLEMEN: The law requires the court to instruct the jury in writing at the conclusions of the case. The court's instructions _____ through _____ contain all the law which you require for reaching a verdict. I am unable to give you further instructions. Please return to the jury room, review the court's instructions, and see whether you are able to reach a verdict."

Not only did the trial court here go beyond the recommendation quoted, and not even content with just calling attention to the conjunctive form of the requirements set forth in Instruction No. 3, the court went still further by calling special attention to Instruction No. 2. By so doing, he interjected a new note on an aspect as to which the jury had made no inquiry. The court's superfluous reference to Instruction No. 2 had the necessary effect of placing stressful emphasis upon the plaintiff's burden of proof and could very well have been considered by the jury as a veiled comment by the judge as to the weight of the evidence.

■ The note to the judge from the jury foreman demonstrates that just before that note was dispatched, the jury had not reached a verdict. The record shows that after the judge's reply was received, a verdict was reached. To what extent that was produced by the "clarifying" instruction cannot be known with precision. However, it reasonably can be said that the additional instruction had a tendency to and could have contributed to that result, particularly in view of the well known respect and deference given by jurors to any indication or suggestion by the trial judge who dominates the trial proceedings and who assumes a figure of imposing stature in the eyes of the jury.

Circumstances such as these showing a reasonable probability of prejudice suffices, without the necessity of demonstrating to a point of certainty that the error influenced the verdict. This harmonizes with the general principle governing the determination of the prejudicial nature of error, as set forth in *Conaghan v. Dean*, 96 S.W.2d 924 (Mo.App.1936): "We hold that, in the face of unquestioned error, and in the absence of any showing that such error was not harmful to appellants, and our being unable to say that it was not prejudicial, the cause should be reversed and remanded."

Because of the error in giving the "clarifying" instruction, this case must be reversed and remanded for a new trial. The other two instruction matters complained of are not likely to recur on retrial and therefore need not be discussed.

All concur.