**Hanora P. Sansone HOOVER, Plaintiff-Appellant,**

v.

**Stephen J. GRAY, Clifford Roennigke and Colonial Baking Company, Defendants-Respondents.**

**No. 42778.**

Missouri Court of Appeals, Eastern District, Division 3.

May 12, 1981.

Richard H. Ulrich & David L. Baylard, Shifrin, Treiman, Barken, Dempsey and Ulrich, Clayton, for plaintiff-appellant.

K. Steven Jones, Kortenhof & Ely, and John H. Quinn, III, Armstrong, Teasdale, Kramer & Vaughn, St. Louis, for defendants-respondents.

SNYDER, Judge.

Plaintiff, in a personal injury action arising out of an automobile accident, appeals from an adverse judgment, after a jury trial, in favor of defendants Stephen J. Gray (Gray) and Colonial Baking Company (Colonial). Appellant dismissed her cause of action against Clifford Roennigke, the driver of Colonial's vehicle, before the cause was submitted to the jury.

The trial court granted Colonial's motion for judgment notwithstanding the verdict. The motion was filed, even though the jury had returned a verdict in favor of Colonial, based on appellant's alleged failure to make a submissible case. Appellant did not appeal from the trial court's granting of Colonial's motion for judgment notwithstanding the verdict and in oral argument acknowledged that her appeal is from the judgment entered on the jury verdict in favor of Gray alone. Therefore, the judgment notwithstanding the verdict in favor of Colonial is affirmed.

Appellant's single point relied on challenges the trial court's response to a question posed by the jury during its deliberations. The point is meritorious and the judgment in favor of Gray is reversed and remanded.

The parties have not contended the trial court submitted improper jury instructions in the first instance. The court gave Instruction No. 4 (MAI 17.01 modified by 19.01), the verdict directing instruction for appellant and against Gray, based upon primary negligence. Instruction No. 5 (MAI 32.01(1)) submitted appellant's contributory negligence. No humanitarian negligence instruction was given.

After the jury had deliberated for approximately one-half hour, the jury sent the following question to the trial court: "Can we assess damages even if we find the plaintiff *in part responsible* for the accident?" [Emphasis added.] The court's response to the jury's question was "No." Approximately 15 minutes after the jury received the trial court's answer, they returned a verdict in favor of Gray.

Prior to sending its response to the jury, the trial court discussed the potential responses with counsel for appellant and counsel for respondent and indicated the safe response to the jury's question would be, " 'The Court is not permitted to answer the question' " or " 'Please be guided by the Court's instructions.' " The court expressed dissatisfaction with such answers because in the court's opinion such answers do not satisfy juries. The court opined that its

"no" response could be given "because the law clearly is that they [the jury] can't assess damages if they find the plaintiff [appellant] in part responsible for the accident." Counsel for Gray agreed with the trial court. Counsel for appellant objected.

 If no question arises as to the correctness, adequacy, or clarity of the Missouri Approved Instructions utilized to submit a case to the jury, subsequent modification or explanation of the jury instructions in response to a jury question constitutes error. *Houston v. Northup,* 460 S.W.2d 572, 575–576[2] (Mo. banc 1970); *Teaney v. City of St. Joseph,* 548 S.W.2d 254, 256–257[1] (Mo.App.1977). The trial court's response to the jury's question was erroneous. *Houston v. Northup, supra; Teaney v. City of St. Joseph, supra.*

To support a finding of reversible error, the trial court's response must have prejudiced appellant. Rule 70.02(c). *Houston v. Northup, supra* at 576[3–4]; *Teaney v. City of St. Joseph, supra* at 257[2]. The trial court's response in the case under review did prejudice appellant.

Although a plaintiff's contributory negligence constitutes a complete bar to recovery against a party charged with primary negligence, *Walsh v. Southtown Motors Co.,* 445 S.W.2d 342, 348–349[10, 11] (Mo.1969), see *Chandler v. Mattox,* 544 S.W.2d 85[1, 2] (Mo.App.1976), plaintiff's contributory negligence must be more than just a contributing cause of his injury. *McConnell v. Pic-Walsh Freight Co.,* 432 S.W.2d 292, 297[5–8] (Mo.1968); *Ligon Specialized Hauler, Inc. v. Inland Container Corp.,* 581 S.W.2d 906, 910[3, 4] (Mo.App. 1979). A plaintiff's contributory negligence must be the proximate cause of plaintiff's injury. *McConnell v. Pic-Walsh Freight Co., supra; Ligon Specialized Hauler, Inc. v. Inland Container Corp., supra.* The jury's question and the trial court's response to the question do not encompass the issue of proximate cause. The appellant could be "in part responsible" for her injuries without being contributorily negligent. The jury's question and the trial court's response tended to nullify the requirement of the contributory negligence instruction that

appellant's negligence "directly caused or directly contributed to cause" appellant's damages. The appellate court cannot conclude appellant was not prejudiced.

The judgment for respondent Gray is reversed and the cause remanded for retrial.

CRIST, P. J., and REINHARD, J., concur.