Chandler *v.* The State.

No. 17,442.

## CHANDLER *v.* THE STATE.

BILL OF EXCEPTIONS.—*When Necessary.*—*Motion.*—*Order of Court.*—*Criminal Case.*—*Arrest of Judgment.*—It is only where a motion rests upon matters not apparent on the face of the record proper that a bill of exceptions is necessary to present it. Where a motion depends upon collateral matters not appearing on the face of the record proper, and must be shown by affidavit or evidence *aliunde*, then the motion and the ruling thereon must be brought into the record by a bill of exceptions. But where all the facts necessary to determine the question raised by the motion, and all essential information relative thereto, appear on the face of the record proper, no bill of exceptions is necessary to make such motion a part of the record. Such is the case with a motion in arrest of judgment.

SAME.—*Criminal Case, Order of Court Making Papers Part of Record.*—There is no provision of the criminal code authorizing the court by its order to make collateral matters a part of the record.

JUDGMENT.—*Arrest, Motion in Writing, Criminal Case.*—It would seem that a motion in arrest of a judgment in a criminal case must be made in writing.

SAME.—*Motion in Arrest, Bill of Exceptions.*—It is not necessary to incorporate a motion in arrest of judgment in a bill of exceptions in order to bring it within the record.

SAME.—*Criminal Case, When Motion in Arrest Should Be Overruled.*—On a motion in arrest of judgment in a criminal case, if the indictment contain all the essential elements of a public offense, even though to some extent defectively stated, it will be sufficient to withstand the motion.

CRIMINAL LAW.—*Uncertainty.*—*Motion in Arrest, When Can Not Prevail.*—In criminal pleading, for uncertainty in the statement of facts constituting the offense intended or attempted to be charged, an indictment or information can only be assailed by a motion to quash and never by a motion in arrest nor by an assignment in the Supreme Court for the first time that the facts stated are not sufficient to constitute a public offense.

SAME.—*Intent No Crime.*—A felonious intent, not accompanied by an unlawful act, constitutes no crime, not even a misdemeanor.

SAME.—*Charge of Assault With Intent to Commit a Felony, Sufficiency.*—*Present Ability.*—To constitute a good charge of an assault with an intent to commit felony it must be averred that the defendant had the present ability to commit the violent injury charged to have been intended.

Chandler v. The State.

SAME.—*Assault and Battery With Intent, Sufficiency of Charge.*—On a charge of assault and battery with intent to commit a felony the assault and battery must be set forth in language that will convey the same meaning as that of the statute defining the crime of assault and battery. It must charge that the assault and battery was committed unlawfully and in a rude, insolent, or angry manner, or in words of the same import.

SAME.—*Pleading, Using Words of Statute.—Other Words of Same Meaning.*—In a criminal pleading, based on a statute, the exact words of the statute need not be employed, but words which import the same meaning, if employed instead, are sufficient.

SAME.—*Pleading.— Unlawful.—Feloniously.—Angry, Rude or Insolent Manner.*—The words "unlawful," "feloniously," "purposely and with premeditated malice," carry with them and import, when applied to an act performed, that it was done in either a "rude, insolent or angry manner," or in all of them.

From the Hamilton Circuit Court.

*I. Conner, W. S. Christian* and *I. W. Christian,* for appellant.

*W. A. Ketcham,* Attorney-General, *C. W. Moores, D. J. McMath,* Prosecuting Attorney, *A. F. Shirts* and *L. S. Baldwin,* for State.

McCABE, C. J.—The appellant was tried in the circuit court, a verdict of guilty returned against him by the jury fixing his punishment at seven years imprisonment in the State prison north, on a plea of not guilty to an information, the charging part of which is as follows:

"That Sherman Chandler and Jacob Davis, on or about the 5th day of August, 1894, at the county of Hamilton and State of Indiana, did then and there unlawfully, feloniously, commit a violent injury upon the person of Bird Davis, by then and there purposely, and with premeditated malice, shooting the said Bird Davis with a certain revolver, then and there loaded with gunpowder and leaden ball, which the said Sherman Chandler then and there had and held in his hands with intent then and there, and thereby her, the said Bird Davis unlaw-

fully, feloniously, purposely and with premeditated malice to kill and murder, as Samuel Davis, on information and belief, has complained on oath, whose affidavit is herewith filed.''

The information follows the affidavit exactly.

The circuit court overruled the appellant's motion in arrest of judgment and rendered judgment on the verdict.

The assignment of error calls in question the action of the court in overruling the motion in arrest of judgment.

It is contended by the appellant that the information does not state facts sufficient to constitute a public offense.

It is contended by the appellant that the attempt was to charge him with an assault and battery with intent to commit murder, and that the assault and battery, the minor offense is not sufficiently charged; that is, that the information does not state facts sufficient to constitute the crime of assault and battery.

This contention is met by the attorney-general, first by the contention that the motion in arrest must be in writing, and as it appears in the transcript not to have been in writing, it is not properly in the record, and hence no question is presented by the ruling thereon. He contends that it is a pleading in the cause and hence must be in writing, and if not a pleading it can only be brought into the record by a proper bill of exceptions.

In support of this contention he cites the statute, which reads thus:

''A motion in arrest of judgment is an application in writing, on the part of the defendant, that no judgment be rendered on a plea or verdict of guilty or finding of the court, and may be granted by the court for either of the following causes:

"*First.* That the grand jury which found the indict-
ment had no legal authority to inquire into the offense
charged, by reason of its not being within the jurisdic-
tion of the court.

"*Second.* That the facts stated in the indictment or in-
formation do not constitue a public offense.   The court
may also, on its view of any of these defects, arrest the
judgment without motion." * * * Burns R. S. 1894,
section 1912 (R. S. 1881, section 1843).

The statute seems to require the motion to be in writ-
ing.   But treating the motion as if it were in writing,
and properly specified the objection to the information
now urged in the appellant's brief as the grounds of the
motion, we shall see that such objection is unavailable.

The next question arising on the attorney-general's
contention treating the motion in arrest as if it were in
writing, made by attorney-general's contention, is
whether the motion in arrest is in the record, there be-
ing no bill of exceptions making it a part of the record.

At the close of that part of the record reciting the
overruling of the motion in arrest, the transcript states
that "the motion and ruling thereon, and exception
thereto, are hereby made a part of the record herein
without a bill of exceptions by order of the court here-
in."   We find no provision in the criminal code for
making collateral matters a part of the record by order
of the court without a bill of exceptions.   It has been
expressly held by this court that instructions in crimi-
nal cases can only be brought into the record by a bill
of exceptions, though in civil causes other methods were
provided for so doing.   *Leverich* v. *State*, 105 Ind. 277.

We are of opinion that the motion and ruling thereon
were not brought into the record by the order of the
court.

We are next to inquire whether the motion and ruling

thereon are a part of the record without a bill of exceptions making them so.

It is only where a motion rests upon matters not apparent on the face of the record proper, that a bill of exceptions is necessary to present it. Where such a motion depends upon collateral matters not appearing on the face of the record proper, and must be shown by affidavit or evidence *aliunde*, then such motion, and the ruling thereon, must be brought into the record by bill of exceptions. Where, however, all the facts necessary to determine the question raised by the motion, and all essential information relative thereto, appear on the face of the record proper, no bill of exceptions is necessary to make the same a part of the record. *State* v. *Cooper*, 103 Ind. 75; *Freshour* v. *Logansport, etc., Turnpike Co.*, 104 Ind. 463; *Doctor* v. *Hartman*, 74 Ind. 221; *Redinbo* v. *Fretz*, 99 Ind. 458.

Here the ground urged in support of the motion in arrest, is that the information does not state facts sufficient to constitute a public offense. Whether it does or not must be determined alone by a consideration of the facts alleged therein. Therefore, whether the motion be sustained or overruled, the facts upon which it is sustained or overruled will appear on the face of the record proper without the aid of any extrinsic matter. We are, therefore, of the opinion that the motion in arrest, the ruling thereon, and exception thereto, are a part of the record without the aid of a bill of exceptions.

It is next contended on behalf of the State that if there is any defect in the information it is such as is, if not taken advantage of before, cured by the verdict.

On a motion in arrest, if the indictment is found to contain all the essential elements of a public offense, even though to some extent defectively stated, it will be held sufficient. *Graeter* v. *State*, 105 Ind. 271; *Greenley*

v. *State*, 60 Ind. 141; *Lowe* v. *State*, 46 Ind. 305; *Shepherd* v. *State*, 64 Ind. 43.

So, too, in criminal pleading, for uncertainty in the statement of the facts constituting the offense intended or attempted to be charged, an indictment or information can only be assailed or quashed by a motion to quash, and never by a motion in arrest, or by an assignment here, for the first time, that the facts stated in the pleading are not sufficient to constitute a public offense. *Stewart* v. *State*, 113 Ind.-505; *Trout* v. *State*, 107 Ind. 578; *Pattee* v. *State*, 109 Ind. 545; *Trout* v. *State*, 111 Ind. 499; *Nichols* v. *State*, 127 Ind. 406.

But the objection made to the information is not on account of a defective statement of the facts constituting the offense attempted to be charged, nor on account of uncertainty in the facts stated, but the objection is that the elements of the crime of an assault, or an assault and battery with intent to murder, is not contained in the information.

It has often been held by this court that where an indictment or information does not contain all the essential elements of a public offense, a motion in arrest of judgment will be sustained.  *Nichols* v. *State, supra; Greenley* v. *State, supra; Lowe* v. *State, supra; Shepherd* v. *State, supra; Hoover* v. *State*, 110 Ind. 349.

The State seeks to sustain the information on the ground that it is an attempt to charge an assault with intent to murder, and that the lack of the averment of the present ability of the defendant to commit a violent injury on Bird Davis must be regarded as supplied and cured by the verdict.   That would be true if that is not an essential element of the crime attempted to be charged. The statute defines an assault thus:   "Whoever, having the present ability to do so, unlawfully attempts to com-

mit a violent injury on the person of another, is guilty of an assault, etc.''

If, then, the intention was to charge an assault, with intent to murder, the assault was the unlawful act, and the only unlawful act intended to be charged, and which, in connection with the felonious intent afterwards charged, constituted the felony. The felonious intent, disconnected with any unlawful act, constitutes no crime, either felony or misdemeanor. Therefore it follows that the unlawful act charged, in connection with the felonious intent, is an essential element of the crime attempted to be charged. It has been settled in this court, to constitute a good charge of an assault with intent to commit a felony, it must be averred that the defendant had the present ability to commit the violent injury alleged. *Adell* v. *State*, 34 Ind. 543; *State* v. *Hubbs*, 58 Ind. 415; *Howard* v. *State*, 67 Ind. 401.

There is no charge in the information that the defendant had the then present ability to commit the alleged violent injury. But it does allege that he actually did commit the same. The language is, ''Did then and there unlawfully, feloniously commit a violent injury upon the person of Bird Davis by then and there unlawfully, feloniously, purposely, and with premeditated malice, shooting the said Bird Davis with a certain revolver, then and there loaded with gunpowder and ball, etc.'' An intent to charge an assault merely, with the felonious intent, is clearly negatived by the language just quoted.

The actual battery is charged and thereby the lesser misdemeanor of an assault is merged in the greater of an assault and battery. In such a case it has been held by this court that the charge can only be considered as an attempt to charge an assault and battery with intent to murder. *Keeling* v. *State*, 107 Ind. 563.

It has also often been held by this court that in such a case the charge of the assault and battery must be set forth in language that will convey the same meaning as that of the statute defining the crime of assault and battery. The statute defines the crime thus: "Whoever, in a rude, insolent or angry manner unlawfully touches another, is guilty of an assault and battery," etc. Burns R. S. 1894, section 1984; R. S. 1881, section 1911.

It has been held by this court that in an indictment or information for an assault and battery, or an assault with intent to commit murder, it must, in order to be sufficient, charge that the assault and battery was committed unlawfully and in a rude, insolent or angry manner, and in case of an assault with such intent that it was an unlawful attempt to commit a violent injury, coupled with the present ability to do the same. *Adell* v. *State*, 34 Ind. 543; *Howard* v. *State, supra; State* v. *Hubbs, supra; Cranor* v. *State*, 39 Ind. 64; *State* v. *Smith*, 74 Ind. 557.

The exact words of the statute need not be employed, but words which import the same meaning, if employed instead, will be sufficient. *Sloan* v. *State*, 42 Ind. 570; *State* v. *Smith, supra; Hays* v. *State*, 77 Ind. 450; *Knight* v. *State*, 84 Ind. 73.

The appellant's counsel have referred us to *Howard* v. *State, supra*, and *Adell* v. *State, supra*, as conclusive of the question here involved. The indictment in the Howard case, charged that the defendant did "willfully, purposely, feloniously and of his malice aforethought, make an assault on one Michael Burns, and then and there with a pistol, commonly called a revolver, which he had and held in his hands, and said pistol or revolver as aforesaid was loaded with gunpowder and a leaden ball, did then and there willfully, feloniously, purposely

and of his malice aforethought, shoot off said pistol or revolver at and against the said Michael Burns, with intent then and there and thereby him, the said Michael Burns, purposely, willfully, feloniously and of his malice aforethought, to kill and murder, etc."

It was held in that case that the indictment was insufficient because it neither stated facts sufficient to constitute an assault, nor an assault and battery. It was held not to contain a charge of an assault because it did not contain a charge of the present ability to commit the violent injury; it was held not to state facts sufficient to constitute an assault and battery, because there was no charge that the alleged assault and battery had been perpetrated in a rude, insolent or angry manner. To the same effect is *McCulley* v. *State,* 62 Ind. 428. But in *Sloan* v. *State, supra,* in an indictment for an assault and battery with intent to murder, where the assault and battery part of the charge was that the defendant did "feloniously, purposely, and with premeditated malice, make an assault, and him, the said Henry Brandt, did and there feloniously, purposely, and with premeditated malice, beat, strike, kick, stamp, etc.," it was held that the ponderous words "feloniously, purposely and with premeditated malice" weigh as much in their signification, as the omitted words, "rude," "insolent" or "angry" and the word "unlawfully."

But the cases relied on by the appellant are later than the case last referred to. In still later cases the doctrine of the Sloan case, *supra,* has been reaffirmed and the doctrine of the Howard case, *supra,* and the McCulley case, *supra,* has been disapproved in *Hays* v. *State,* 77 Ind. 450, wherein, at page 452, it is said by this court, that: "The charge that the appellant 'did then and there, at, against, to and upon the said Edmond R. Broyles, feloniously, willfully, purposely and with pre-

meditated malice, shoot a certain pistol, then and there loaded with gunpowder and leaden ball,' was, it seems to us, the fair equivalent of an averment that there was an actual 'touching' of the person of Broyles, with a leaden ball, and that this 'touching' was done, not only in a rude and insolent, but also in an angry, manner.

"In this view we are either fully or inferentially sustained by the cases of *Jarrell* v. *State*, 58 Ind. 293; *State* v. *Prather*, 54 Ind. 63; *Sloan* v. *State*, 42 Ind. 570; *Corneille* v. *State*, 16 Ind. 232, and *State* v. *Farley*, 14 Ind. 23."

To the same effect is *Shinn* v. *State*, 68 Ind. 423.

Following these later cases establishing, as we think, the sounder and better rule we are of opinion that the words "unlawfully," "feloniously," "purposely and with premeditated malice," descriptive of the manner in which the alleged assault and battery was perpetrated, carry with them and import that it was done in either a rude manner, or in an insolent manner, or in an angry manner, if not that it was done in all of them. If it was done unlawfully and also feloniously, purposely and with premeditated malice, it was done in an angry manner, and more because malice is defined to mean enmity of heart, malevolence, ill-will, a spirit desiring harm or misfortune to another, a disposition to injure others, unprovoked malignity or spite; see Webster. And the word malicious is defined by the same author to mean indulging or exercising malice, harboring ill-will or enmity, malevolent, malignant in heart. The word angry is defined by the same author as meaning touched with anger, feeling resentment, provoked. And anger is defined to be a strong passion or emotion of the mind excited by real or supposed injury to or intent to injure one's self or others. So that malice or malicious comprehends all that the word angry does and more.

We have already seen that it has been held by this

court that the words of the statute defining the crime need not be used in the indictment or information charging the same, but that other words may be used fairly importing the same idea as those used in the definition of the crime.

We are, therefore, of the opinion that the circuit court did not err in overruling the motion in arrest of judgment.

Judgment affirmed.

Filed Jan. 11, 1895; petition for rehearing overruled April 24, 1895.