STATE of Missouri, Respondent,

v.

Clifton TAYLOR, Appellant.

No. KCD 30157.

Missouri Court of Appeals,
Western District.

April 30, 1979.

---

1. Under § 536.031(5), RSMo 1976 Supp., this court takes judicial notice of the rules printed in the code of state regulations.

Joel Pelofsky, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

CLARK, Judge.

Defendant was convicted by a jury on two counts of sale of a controlled substance and sentenced to concurrent terms of ten years. Reversed and remanded.

Contact between police officers and defendant was by intervention of an informant who introduced the officers and vouched for them. Separate purchases of drugs were made from defendant, one of Phenmatrazine, a synthetic amphetamine, and the other of Biamphetamines. Evidence of the transactions was supplied by the undercover officers and the chemical nature of the compounds was established by expert testimony. Defendant offered no evidence.

Verdict directing instructions were given to the jury in the form of MAI–CR 14.10 as to each count, at variance only as to the identity of the controlled substances. Each contained the following paragraph:

"Second, that defendant was aware of the character of the drug and intentionally and knowingly sold it."

After deliberating two hours and three minutes, the jury returned to the courtroom and announced a deadlock which, upon inquiry of the court, was reported to be elev-

en to one. Apparent difficulty with the term "character" employed in the verdict directing instructions was the focal point of inability to reach a verdict. As related to the court by the foreman, explanation of the meaning of the word was needed. The following colloquy then ensued:

"JUROR COLEMAN: Your honor, could we have the use of a dictionary?

"THE COURT: Unless both sides agree to it—

"MR. SCHAFFER [the assistant prosecuting attorney]: It's acceptable to the State, your honor.

"MR. PELOFSKY [defense counsel]: Your honor, I'm sorry, but I can't agree. I think that the instructions have been given in the language of the law and it would be inappropriate, it seems to me, for us to allow definitions that may or may not be within the context of the law.

"THE COURT: Very well. Unless there is agreement by both sides, that is not permitted under our law. You are supposed to take the instructions themselves, and both the law and the evidence as you recall it."

The jury thereupon retired upon instruction by the court to continue its effort to reach a verdict. Defendant moved for a mistrial on the ground of prejudice emanating from consideration by the court of the impermissible request for the dictionary and the resultant taint cast on defendant as the instrument obstructing the jury's access to helpful information. The motion was overruled. The verdicts of guilty on both counts were returned by the jury after additional deliberation of five minutes.

The trial court is obligated to instruct the jury in writing and in prescribed form. Rule 26.02(6); Rules 20.01 and 20.02. The scheme of MAI instructions contemplates that ultimate issues in the case are adequately submitted by the pattern instructions which require neither clarification nor amplification. *Houston v. Northup,* 460 S.W.2d 572 (Mo. banc 1970). Words

of common usage need not be defined and an attempted definition directed to the facts of a particular case would constitute comment on the evidence. *State v. Goodman,* 490 S.W.2d 86 (Mo.1973).

No definition of the word "character" was appropriate in response to the jury's inquiry as none had been requested or submitted at the instruction conference and the cause was already under submission to the jury. No doubt may be entertained that the jury was not entitled to the use of the dictionary irrespective of concurrence of or opposition by counsel for the parties.[1] Permitting the jury to search a dictionary and select at will definitive language in amplification of the court's instructions would have been patently improper.

Defendant's claim here, however, is not the error of expanding the instructions by collateral reference to a dictionary, but the unfavorable climate created when defendant was obligated, in the presence of the jury, to oppose their request for assistance in concluding their deliberations. As the situation for potential deviation from the MAI–CR instructions already given was generated by the action of the court, prejudicial error is not to be presumed, but must be ascertained. *Houston v. Northup, supra.*

While the report of the jury impasse at a vote of eleven to one did not disclose the verdict favored by the majority, the minority view was converted and a unanimous verdict was returned within five minutes after the request for the dictionary was rejected by defendant's refusal to agree. The conclusion that the majority of the jurors had earlier favored conviction and that the single juror not of that mind was persuaded to alter his view is inescapable. So too is the inference that refusal of defendant's counsel to cooperate in meeting the request for the dictionary was the ingredient which tipped the balance in favor of the state.

---

1. Acquiescence by defendant to the invitation to agree to the jury's request would, at most, amount to a relinquishment of a subsequent claim of error. *State v. McQueen,* 399 S.W.2d 3 (Mo.1966); *State v. McQueen,* 431 S.W.2d 445 (Mo.1968).

It is not necessary to demonstrate to a point of certainty that the error influenced the verdict, only a showing of reasonable probability of prejudice. *Teaney v. City of St. Joseph,* 548 S.W.2d 254 (Mo.App.1977). "If when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand [but] if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

■ Upon these precepts, it must be concluded that error prejudicial to the defendant occurred when the trial court entertained in open court the jury's request for the dictionary and based the rejection of the request on defendant's refusal to agree. The state contends, however, that the error was, in part, of defendant's own making and that imposition of the drastic remedy of a mistrial is an exercise of discretion which is particularly within the province of the trial judge.

Considering first the response of defendant's counsel when it appeared that the court contemplated furnishing the dictionary to the jury if the parties agreed, it is correct that defendant's expression of opposition to the procedure, although a legally valid and appropriate objection, did operate to inform the jury as to which party was blocking the request. Consistent with the duty of trial counsel to call to the attention of the court by objection any trial error and thereby permit correction by instruction or other action, counsel here may well be faulted by not having made his objection to the court in a side bar conference. Upon appropriate request, the court alternatively could have informed the jury (1) that both the state and the defendant had agreed the dictionary could not be used, (2) that objection to use of the dictionary was a valid proposition brought to the attention of the court by the defendant, or (3) that the court

had made its own inquiry and had concluded that the request could not be honored.

Assuming, however, *arguendo,* that the appropriate manner of presenting the objection was not employed by defendant and that defendant has therefore not preserved the question, or has imperfectly raised the issue, on the facts heretofore recited, this court must and does consider the issues under Rule 27.20(c) as plain error. In so doing, the manifest injustice of the precipitous resolution by the jury of its previous deadlock is sufficient to conclude that substantial rights of the defendant were affected adversely.

Under the particular circumstances of this case, deliberations by the jury being already in progress, the only relief sought by the defendant from the court was a mistrial. Indeed, after the exchange which occurred in open court as recited above, it would be fatuous to suggest that any other remedy were available. In the review of the trial court's action, this court is bound to affirm the decision unless as a matter of law it is concluded that the error was prejudicial and so impressive that its effect was not removed by the action of the trial court. *State v. Barnes,* 535 S.W.2d 602 (Mo.App. 1976). Declaration of a mistrial being in the discretion of the trial court, the case may be reversed only upon a finding that the trial court abused its discretion. *State v. Ward,* 457 S.W.2d 701 (Mo.1970).

No action was taken by the trial court to remove the onus on defendant created by the exercise of his legitimate right and the obligation of counsel to oppose use by the jury of the dictionary. The effect of the prejudice thereby created was peremptorily demonstrated by resolution of jury deliberations within five minutes. The error was prejudicial, it was not removed by any action of the trial court and a mistrial should have been ordered.

By reason of the conclusion reached as to Point II in defendant's assignments of error, consideration of Points I, III, IV, V and VI is unnecessary. The constitutional issue presented in Point I may otherwise be resolved before retrial and the remaining

points involve particular incidents of trial which may not again arise or may be remedied under further proceedings.

The judgment and sentence are reversed and the cause is remanded.

All concur.