**STATE of Missouri, Respondent,**

v.

**Floyd H. HULETT, Appellant.**

**No. KCD 30477.**

Missouri Court of Appeals, Western District.

March 3, 1980.

Fred L. Slough, Wells, Eisberg, Slough & Connealy, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

WASSERSTROM, Chief Judge.

On a jury trial commenced in October 1977, defendant was convicted of forgery, possession with intent to utter as true, under Section 561.011, RSMo 1969.[1] On this appeal, defendant challenges the composition of the jury and further contends that there was a variance between the charge and the proof.

## I.

Defendant challenges the composition of the jury on the ground that it was selected by the process declared in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) to be discriminatory against women. The state seeks to distinguish *Duren* on the ground that the jury which tried defendant was picked from the 1977 jury wheel, whereas *Duren* had to do with the composition of the 1976 jury wheel.

The state acknowledges that its attempted distinction is contrary to the decisions of this court in *State v. Hawkins*, 582 S.W.2d 333 (Mo.App.1979), and *State v. Donahue*, 585 S.W.2d 160 (Mo.App.1979). See also *State v. Beavers*, 591 S.W.2d 215 (Mo.App. 1979). Despite the Attorney General's disagreement, we adhere to those decisions.

The state further argues that defendant's challenge to the jury panel has not been properly preserved because his motion for new trial was untimely filed. Nonetheless, the point must be considered as plain error. *State v. Williams*, 595 S.W.2d 378 (Mo.App.1980).

1. That section was repealed in 1977 and has been replaced by section 570.090, RSMo 1978.

## II.

The statute under which defendant was charged made it unlawful for any person with intent to defraud to utter as true any writing which said person knows has been "made or altered" in a specified manner. The manner specified also describes the prohibition as "to make or alter" a writing under certain conditions.

The information here charged defendant as follows: "That . . . said defendant did . . . with intent to defraud one Jack Henry's, a corporation, possess with intent to utter as true a certain writing purporting to have legal efficacy and commonly relied upon in business and commercial transactions and purporting to have been made by another, knowing the same to have been *so made and altered*, when in truth and fact said instrument was forged and Floyd H. Hulett knew it to be forged . . . .." (Emphasis added).

Defendant argues that the quoted allegations charged him with *altering* a forged instrument, whereas there was no proof that the instrument in question was in any way altered. He further argues that if the language in the information is not so construed, then in any event, it is confusing, indefinite and can be reasonably understood as charging either illegal making or illegal altering.

The opinion in *State v. Johnstone*, 335 S.W.2d 199, 203 (Mo.1960) fully answers defendant's contention. That opinion holds that where a statute denounces one offense which may be perpetrated in different ways, the commission of the offense may be charged in a single count, with the conjunctive "and" being substituted in the charge for the disjunctive statutory word "or," and proof of the consummation of the offense by any of the acts by which it may be committed will sustain the charge. The *Johnstone* opinion goes on: "In such·circumstances no fatal variance arises from a failure to prove all of the several ways in which the offense is charged." No fatal variance is therefore presented under the facts of this case.

The judgment is reversed and the cause remanded for new trial.

All concur.