**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Michael Allen CHURCH,**
**Defendant-Appellant.**

No. 12248.

Missouri Court of Appeals,
Southern District,
Division One.

July 15, 1982.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Allan C. Wilcox, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of attempting to obtain a controlled substance by fraud or deception. § 195.250, RSMo 1978. He was sentenced to five years imprisonment.

His first point contends that the trial court gave an erroneous verdict directing instruction. Defendant was indicted by a grand jury. The indictment stated that defendant had attempted to obtain Phenophen # 4 by calling a pharmacy and representing himself to be a physician and ordering a prescription for Michael Thompson and then appearing at the pharmacy and representing himself to be Michael Thompson and attempting to procure the drug. The verdict directing instruction did not refer to defendant calling the pharmacy and representing himself to be a physician. It required the jury to find that the defendant attempted to obtain the drug "by using the false name of Michael Thompson". Defendant offered, and the court refused, an instruction which would have required the jury to also find that the defendant misrepresented himself as a physician in requesting the drug for Michael Thompson and

that defendant also used a false address. Defendant contends that the instruction he offered incorporated the elements charged in the indictment, but that the instruction given failed to do so.

Section 195.250, RSMo 1978, states:

"*Obtaining controlled substances by fraud or deception prohibited.*—It is unlawful for any person to obtain or attempt to obtain any controlled substance listed in Schedules III, IV or V or procure or attempt to procure the administration of the drug by the following means:

(1) Fraud, deceit, misrepresentation, or subterfuge; or

(2) The forgery or alteration of the prescription or of any written order; or

(3) The concealment of a material fact; or

(4) The use of a false name or the giving of a false address."

The indictment charged that defendant made two false representations: representing himself to be a physician in the phone conversation and then going there and representing himself to be Michael Thompson. The indictment charged more than is necessary. The offense was committed if either misrepresentation occurred and the state only had to submit on one of them. Under the statute, the use of a false name is sufficient to make the charge and if defendant did that, that was sufficient to make him guilty, whether or not he called the pharmacy and represented himself to be a physician. Where a statute denounces an offense that may be committed in different ways, the commission of the offense may be charged in a single count, with the conjunctive "and" being substituted in the charge for the disjunctive statutory word "or", and proof of the offense by any of the acts by which it may be committed will sustain the charge. *State v. Hulett*, 595 S.W.2d 767, 769 (Mo.App.1980). No fatal variance arises from a failure to prove all of the several ways in which the offense is charged. Id. When a crime may be committed by any of several methods, the information must charge one or more of

the methods, and the method or methods submitted in the verdict directing instruction must be among those alleged in the information. *State v. Shepard*, 442 S.W.2d 58, 60 (Mo. banc 1969). The instruction submitted the crime by a method which was stated in the indictment. It is not necessary that the state prove every method charged and therefore the instruction was proper. Point one is denied.

■ Point two complains of certain comments made by the prosecuting attorney during defendant's counsel's cross-examination of the pharmacist who received the call and during the prosecutor's closing argument. No objections were made during the trial to either comment. By failing to object during the trial, this point is not preserved for our review. *State v. Brown*, 611 S.W.2d 301, 302 (Mo.App.1980). There was strong evidence of defendant's guilt and we find no manifest injustice or miscarriage of justice. Rule 29.12(b); Rule 30.20. See also, *State v. Bellew*, 586 S.W.2d 461, 464 (Mo.App.1979). Point two is denied.

■ Defendant's third point asserts that the trial court committed error in failing to sustain his motion to dismiss the indictment because the state failed to try him within 180 days of his arraignment. See § 545.-780, RSMo 1978. Defendant was indicted on April 28, 1980, and arraigned on May 1, 1980. He was tried on November 13, 1980, the 196th day following his arraignment. Section 545.780.3 provides that certain periods of delay shall be excluded in computing the time within which the trial must commence. At arraignment defendant's trial was set for July 14, 1980. Thereafter, defendant filed a motion for disqualification of judge. That motion, defendant's request for change of attorney, and his motion for medical examination and treatment excluded from the computation at least 17 days, making the trial within the time required. Defendant has not established that the failure to have the trial within the time limit was occasioned by the state, and denial of his motion was not error. *State v. Franco*, 625 S.W.2d 596, 598–601 (Mo.1981); *State v. McClure*, 632 S.W.2d 314, 315–316 (Mo.App. 1982). Point three is denied.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.