STATE of Missouri, Respondent,

v.

Donald McMILIAN, Appellant.

No. WD 33306.

Missouri Court of Appeals, Western District.

Feb. 8, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 29, 1983.

John J. Phillips of Phillips & Ewan, Independence, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This appeal is from a jury conviction for exhibiting a deadly weapon in violation of § 571.115, RSMo 1978.[1] Sentence was 120 days in the county jail. The judgment is affirmed.

Appellant presents a bifurcated attack upon the statute, charging that it is unconstitutional because it is vague and overbroad.

There is no challenge to the sufficiency of the evidence, so a brief summary of the same suffices.

On September 10, 1980, two probation officers went to a motel at 8600 East 40 Highway in Jackson County, Missouri. Their purpose was to talk with appellant's son, who was on probation and who had failed to report to the probation officer upon his release. The two probation officers were directed to a motel room by appellant. One of the officers was talking to appellant's son at the door to the motel room when appellant appeared, demanding identification of the officers. The officers produced identification and advised appellant that they were there to discuss details of the son's probation. Appellant told the officers that since he had posted bond and secured his son's release, he was responsible for his son and he would not permit the officers to talk privately with his son.

The officers decided to leave the motel and proceeded toward their vehicle. Before they could enter their vehicle, appellant confronted them and stated, "No you won't. You are not going anywhere." The officers turned toward appellant and observed that he was holding a handgun in his right hand. The officers were fearful that appellant would shoot them. An argument ensued between appellant and one of the officers. Appellant directed them toward their vehicle. At the vehicle, appellant stood outside, complaining to the officers about the criminal justice system. Appellant told them they had no right to be on his property and if they returned, "He would blow [their] ass

---

1. Now repealed. See § 571.030.1(4), RSMo Supp.1982.

off and [they] knew what he had in his back pocket to back it up." The officers left after final instructions to do so by appellant.

Appellant testified that the officers had insisted on seeing his son, and he feared they were there to arrest his son. Appellant did not deny that he exhibited the weapon and that he was angry at the time. Appellant first testified that when he pulled out the weapon, he stated to the officers, "You get out of here and if you come back I will shoot your fucking ass off." Appellant then withdrew that statement and testified what he said to the officers was, "I will shoot their fucking tires off." The evidence closed. The jury found appellant guilty. Judgment and sentence were entered. This appeal followed.

Subsequent to the filing of this appeal, appellant filed his Motion To Transfer. This motion was to transfer this cause to the Missouri Supreme Court on the basis that § 571.115 is unconstitutional, thus jurisdiction of the cause was properly before the state Supreme Court.

Challenge to the motion was made by respondent upon the basis that the constitutional challenge was untimely. At the time this case was orally argued, appellant offered to this court a document (unverified) purporting to show the challenge to the statute had been raised in the trial court prior to jury selection. Respondent advised this court that it had no way to know, at the time of oral argument, whether the document was valid, but in addition, respondent further opposed appellant's constitutional challenge to the statute because it was a mere colorable challenge. Following oral argument, appellant was granted leave by this court to file the tendered document which shows a timely challenge to the statute before the trial court. As will be observed below, the issue does not turn upon timeliness, but as contended by respondent, appellant's challenge is at best colorable, thus causing both his pending motion and appeal to be ruled against him. Appellant's Motion To Transfer is denied by this court.

Appellant challenges the statute for being vague and overbroad.

As to vagueness, appellant contends that the statute and this case fall under the rule announced in *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926) which declared, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

Appellant points out that § 571.115, RSMo 1978 forbids the exhibiting of "weapons in a rude, angry or threatening manner." He acknowledges that he was convicted of "exhibiting a deadly weapon in a rude, angry, or threatening manner." Appellant argues that his conviction stands upon his being charged in the conjunctive. That is, he was charged and convicted of exhibiting a deadly weapon in a rude, angry *and* threatening manner. Appellant contends that the state thereby assumed a greater burden than required under the disjunctive wording of the statute. He further contends that having accepted that burden, the state failed to prove he displayed the handgun in a *rude, angry and threatening* manner. He cites *State v. Murry*, 580 S.W.2d 555 (Mo.1979) and *Stotler v. Bollinger*, 501 S.W.2d 558 (Mo.1973). He contends that the prosecution submitted evidence only upon the third category, i.e., "threatening manner", and that at best, the record reveals only a suggestion that he exhibited the weapon in a rude and angry manner. Appellant then suggests that the terms "rude" and "angry" were neither susceptible to reasonably certain proof, and both terms are vague due to their widely varying interpretations.

Respondent confronts appellant's claim of unconstitutionality of the statute on the basis that such claim is merely colorable. The pertinent portion of § 571.115 reads as follows: "If any person shall ... in the presence of one or more persons, exhibit any such weapons in a rude, angry or threatening manner, he shall, upon conviction ..."

In determining if a criminal statute is unconstitutionally vague, the 14th Amendment to the United States Constitution (Due Process Clause) demands that the statute give fair warning of the act/omission/conduct that is prohibited. *Bouie v. City of Columbia,* 378 U.S. 347, 350, 84 S.Ct. 1697, 1700, 12 L.Ed.2d 894 (1964). This requirement is premised upon another principle that no person may be held responsible criminally for any act/omission/conduct which he could not reasonably understand to be proscribed. *Palmer v. City of Euclid, Ohio,* 402 U.S. 544, 546, 91 S.Ct. 1563, 1564, 29 L.Ed.2d 98 (1971). Criminal statutes must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). Statutes which proscribe "no comprehensible course of conduct at all" cannot be constitutionally applied to a given set of facts. *United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975). By the same reasoning, a statute is not found fatally vague unless it exposes persons to some risk without providing them fair warning of the nature of the proscribed conduct. *Rowan v. United States Post Office Department,* 397 U.S. 728, 740, 90 S.Ct. 1484, 1492, 25 L.Ed.2d 736 (1970).

It is not the fact that the legislative branch of government which enacted the statute could have chosen more precise or clearer language which determines the issue of vagueness. *Powell* 423 U.S. at 94, 96 S.Ct. at 320. Criminal statutes must fairly apprise the act/omission/conduct proscribed with a reasonable degree of certainty. *Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367 (1952) and *United States v. Thompson,* 603 F.2d 1200, 1203 (5th Cir. 1979). It has been noted in cases which do not involve the claimed exercise of right under the 1st Amendment of the United States Constitution that the clarity of the statute challenged is judged not from the face of the statute, but rather in relation to the conduct of the person. *Powell* 423 U.S.

at 92, 96 S.Ct. at 319; *United States v. Mazuire,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). As to the question of whether a person of ordinary intelligence, by virtue of the statute, received fair notice that his conduct was prohibited, the construction of the language of the statute by a court becomes a part of the statute " 'as if it had been so amended by the legislature.' " *Cramp v. Board of Public Instruction, Orange County, Fla.,* 368 U.S. 278, 285, 82 S.Ct. 275, 279, 7 L.Ed.2d 285 (1961).

The historical existence of § 571.115 in our state dates back to 1877. The first such statute (Laws 1877, p. 240 Missouri) prohibited the exhibiting of dangerous or deadly weapons in a "rude, angry or threatening manner." This term, within our statutes, has continued until and within the adoption of § 571.115. Appellant makes the first challenge to the statute for vagueness.

Appellant makes no real challenge to the validity of that portion of the statute which prohibits the exhibiting of a deadly weapon in a "threatening manner", but contends that since he was charged and convicted in the conjunctive (i.e., in a rude, angry *and* threatening manner), the prosecution thereby assumed a greater burden and failed to carry that burden. Still further, it appears that appellant contends by assuming such burden and since the terms *rude* and *angry* are so vague, the statute must be held to be in its entirety unconstitutionally vague and hence his conviction cannot stand.

Previous authority upon this issue does not support appellant's contention. As noted by respondent, where a statute prohibits an offense which may be committed in different ways, a charge of the commission of the prohibited offense by any of the acts by which it may be committed will support the charge. *State v. Church,* 636 S.W.2d 703, 704 (Mo.App.1982); *State v. Hulett,* 595 S.W.2d 767, 769 (Mo.App.1980); *State v. Johnstone,* 335 S.W.2d 199, 203 (Mo.1960), cert. denied 364 U.S. 842, 81 S.Ct. 81, 5 L.Ed.2d 66 (1960); *United States v. Niederberger,* 580 F.2d 63 (3rd Cir.1978), cert. denied 439 U.S. 980 (1978).

Appellant cannot validly attack the statute upon the basis that the same statute might be unconstitutional as applied to others in another "hypothetical fact situation." *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960); *United States v. Mechanic,* 454 F.2d 849, 853 (8th Cir.1971), cert. denied 406 U.S. 929, 92 S.Ct. 1765, 32 L.Ed.2d 131 (1972). In fact, this very approach was taken artfully by appellant's counsel during oral argument of this case before this court. While very well presented, it does not persuade, suggest, or comport with sound and controlling authority upon the question.

While noting authority, infra,[2] which has defined the terms "rude", "angry", and "threatening" for the reader's convenience, this court will not, by this opinion, belabor the point, but merely concludes that those terms (i.e., *rude, angry,* and threatening manner) are not so vague that a person of ordinary intelligence would not, by the use of said terms within our statutes, be given fair notice of the act/omission/conduct which the statute prohibits. These terms are not only terms of common usage throughout our society, but have been, for almost a century, in common use within our criminal statutes. They possess no inherent technical legal meaning, nor does the use of them convey any technical legal meaning. The evidence upon this record clearly reveals that appellant's conduct was that of exhibiting a deadly weapon in a "rude", "angry" and "threatening manner." That he was charged and convicted upon the use of the conjunctive and relative to these terms is determined by *Church.* The evidence reveals that appellant's conduct was that conduct prohibited by § 571.115. As noted, the terms "rude, angry, and threatening manner" as used within § 571.115 are not so vague as to fail to provide a person of reasonable intelligence fair notice of the act/omission/conduct prohibited by the statute.

Appellant's attack upon § 571.115 on the basis of vagueness is found to be a mere colorable attack upon the statute, thus not raising a valid constitutional challenge to the statute. Thus, jurisdiction to rule the question rests with this court. Point (1) is ruled against appellant.

Under his point (2), appellant attacks § 571.115 on the basis that it is overbroad in its application. Appellant first postures his contention on this point on the vagueness of the statute. Appellant assumes, for the purpose of his argument upon his point (2), that the statute is vague. He then proceeds to contend, because of such vagueness, that it becomes permissible to apply the statute to and for the punishment of persons in the exercise of otherwise protected liberties. As observed above, there is no merit to appellant's challenge to § 571.115 for vagueness.

Appellant suggests that the statute, by its terms and thus its vagueness, fails to distinguish between "dangerous and innocent rude exhibitions." Appellant cites to the court *Smith v. Florida,* 405 U.S. 172, 92 S.Ct. 848, 31 L.Ed.2d 122 (1972). Appellant then further contends that the uncertainty of the application of the statute produces a "chilly effect" or reluctance to exercise one's constitutional rights. In addition, it is suggested that this same alleged uncertain-

---

**2.** *Beck v. State,* 196 Ind.App. 364, 348 N.E.2d 409, 412 (1976)—rude defined as offensive; *Holmes v. Carolina Central Railroad Co.,* 94 N.C. 318, 323 (1886)—rude defined as "rough or insulting"; *Reeves v. State,* 96 Ala. 33, 11 So. 296, 299 (1892)—rude defined as "uncivil"; *Berkowitz v. Farrell,* 19 Ala.App. 196, 95 So. 916, 917 (1923)—rude held to be synonymous with rough; *Chandler v. State,* 141 Ind. 106, 39 N.E. 444, 447 (1895)—angry defined as "touched with anger" or "feeling resentment"; *People v. Sica,* 76 Cal. 648, 245 P. 461, 463 (1926)—anger defined as "violent or vindictive passion or emotion caused by injury or insult real or imagined"; *People v. Sinclair,* 86 Misc. Rep. 426, 149 N.Y.S. 54, 59 (1914), threatening held synonymous with "menancing" and means "indicating or containing a threat or menance"; *State v. Brunswick,* 69 Ohio App. 407, 44 N.E.2d 116, 122 (1941)—the term, to act in a threatening manner, held synonymous with the term "to menace". See also MAI–CR2d 31.-22, MAI–CR2d 33.01. The terms "rude", "angry", and "threatening" are not required to be defined. This indicates them to be terms of common usage. *State v. Northcutt,* 598 S.W.2d 130, 133 (Mo. banc 1980) and *State v. Taylor,* 581 S.W.2d 127, 129 (Mo.App.1979).

ty of interpretation permits arbitrary and unfair application of the statute.

█ In the determination of this question, certain points must be outlined. Even a clear and precise statute can be overbroad "if in its reach it prohibits constitutionally protected conduct." *Grayned v. City of Rockford, supra,* 408 U.S. at 114, 92 S.Ct. at 2302. While the courts have interrelated "overbreath" with "vagueness", the two doctrines can be and have often been distinguished. This distinction was described in *United States v. Lambert,* 446 F.Supp. 890, 897 (D.Conn.1978), aff'd sub. nom. *United States v. Girard,* 601 F.2d 69 (2nd Cir.1979), cert. denied 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979), wherein the court declared,

> "The former, (doctrine of vagueness) originally a due process doctrine, applies when the statutory language is unclear, and is concerned with notice to the potential wrongdoer and prevention of arbitrary or discriminatory enforcement. The doctrine of overbreadth, in contrast, is exclusively, a First Amendment product, and usually applies when the statutory language is clear, but encompasses activities in which people have a right to engage without interference. However, in a suit challenging an ambiguously worded statute for infringing upon First Amendment rights, the doctrines blend. The same evils are addressed, *i.e.,* application of the statute's sanctions to protected activity and deterrence to others from engaging in similar conduct, and the same remedies are available, *i.e.,* a narrowing interpretation or facial invalidation. As a result, some courts have made no attempt to distinguish the two doctrines when measuring a statute against the requirements of the First Amendment."

█ Another point to be made is that the instant case involves the issue of prohibited conduct and not a claimed exercise of free speech. In this regard, when a statute is challenged as being overbroad, it must be clearly shown that the overbreadth is real and substantial when weighed against the statute's "legitimate sweep" before the statute is declared unconstitutional. *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973); *Gormley v. Director, Connecticut State Dept. of Probation,* 632 F.2d 938, 942 (2nd Cir.1980), cert. denied, 449 U.S. 1023, 101 S.Ct. 591, 66 L.Ed.2d 485 (1980).

█ Appellant's argument that § 571.115 is overbroad because it could be applied equally to innocent acts and persons as well as to dangerous "rude exhibitions" does not persuade. This argument does not persuade, particularly because of the narrow parameters of the statute heretofore prescribed by the courts of our state. In *State v. White,* 299 Mo. 599, 253 S.W. 724, 727 (Mo.1923), the Missouri Supreme Court limited the application of the statute as a prohibition against the exhibition of a deadly weapon in a rude, angry or threatening manner to instances where the actor commits "an act of aggression or assault." The same court ruled that such statute does not apply in instances where a person, "home or possessions are invaded or his personal safety threatened." The court in *White* was clearly distinguishing the application and limitation of the statute to those acts other than acts suggested by appellant as "protected liberties". There is no "protected liberty" in the exhibition or display of a deadly weapon in the course of "an act of aggression or assault." *White, supra.* The chance that the state might attempt to prosecute a person pursuant to this statute under a different set of circumstances does not suffice as a valid premise for declaring the statute unconstitutional on the basis that it is overbroad. *White* has prescribed the limitation upon the state and absent a real or substantial showing by the evidence that prosecution was for an act of an otherwise protected liberty, a challenge to a statute for overbreadth cannot validly stand. *Broadrick, supra.*

The evidence upon this record shows that appellant exhibited a deadly weapon in a rude, angry, and threatening manner against the two probation officers and such conduct was committed as "an act of aggression or assault." *White, supra.*

Appellant's attack upon § 571.115 on the basis of overbreadth is found to be a mere colorable attack upon the statute, thus not raising a valid constitutional challenge to the statute. Thus, jurisdiction to rule the question rests with this court. Point (2) is ruled against appellant.

Judgment affirmed.

PRITCHARD, P.J., concurs.

NUGENT, J., concurs in separate concurring opinion.

NUGENT, Judge, concurring.

Although I agree that the defendant's conviction must be affirmed, I am concerned with the majority opinion's extensive treatment of the merits of the constitutional issues—not with the substance of that treatment, but with the fact that it is included at all. This court simply has no jurisdiction to consider the validity of the statute, and ordinarily, where validity is truly an issue, transfer to the Supreme Court is warranted. Mo. Const. art. V, § 3.

Where consideration of the asserted constitutional question is not necessary to disposition of the case on appeal, however, transfer is not required. *See St. Louis County Transit Co. v. Div. of Employment Sec.,* 456 S.W.2d 334, 338 (Mo.1970). For the question to be considered necessary, the defendant raising the constitutionality of a statute must show that it is unconstitutional *as applied to him.* He may not raise the hypothetical claims of others against whom the statute might be unconstitutionally applied. *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960); *State v. Valentine,* 584 S.W.2d 92, 96 (Mo. 1979) (en banc).

Here, by the language in the jury instruction, the defendant was found guilty of "exhibiting a deadly weapon in a rude, angry *and* threatening manner." Because the statute forbids the exhibition of "weapons in a rude, angry *or* threatening manner" a finding of guilt on *any* of these three would have been sufficient for conviction under § 571.115. Defendant's constitutional arguments concern only the vagueness and

overbreadth of "rude" and "angry". He does not challenge the constitutionality of a conviction for "threatening" behavior. That being so, even if the words "rude" and "angry" were held to be vague and overbroad, the defendant would remain convicted for exhibiting a weapon in a threatening manner, an offense clearly punishable under § 571.115. The vagueness and overbreadth questions, then, have no bearing on this case.

Accordingly, the constitutional question raised in this case is unnecessary and we need neither transfer the matter to the Supreme Court nor discuss the merits of the issues.