**STATE of Missouri, Respondent,**

v.

**Donald Ray BUNCH, Appellant.**

No. 45266.

Missouri Court of Appeals,
Eastern District.

March 15, 1983.

Timothy H. Battern, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Daniel M. Buescher, Union, for respondent.

CRIST, Judge.

Appeal from jury conviction of robbery in the first degree, § 569.020, RSMo.1978, for which defendant was sentenced to twenty-five years imprisonment. We affirm.

Defendant was convicted of robbing a Labadie, Missouri grocery store with the aid of a gun. There were two accomplices in a waiting car while defendant robbed the store.

Defendant maintains he should be set free because of a violation of the speedy trial statute. Section 545.780, RSMo.1978. But *State v. Franco,* 625 S.W.2d 596, 598–601 (Mo.1981); *State v. Church,* 636 S.W.2d 703, 705 (Mo.App.1982) and *State v. Reed,* 640 S.W.2d 188, 192 (Mo.App.1982) compel us to disagree.

■ In order to obtain relief for a violation of the speedy trial act the defendant must show that the trial delay was "occasioned" by the state. Section 545.780.5, RSMo.1978. The pertinent dates and events follow. On August 4, 1980, the state requested a trial setting. On August 6, 1980, the case was passed pending the completion of a medical report defendant had requested in another case. This time was charged to defendant. On September 16, 1980, the case was again called and passed pending medical reports on defendant. Defendant waived his right to be arraigned in ten days at this time. On October 7, 1980, defendant waived arraignment and entered a not guilty plea. On October 20, 1980, defendant requested and was granted continuance until November 5, 1980. On November 5, trial was set for January 13, 1981, a date well within 180 days from the date of arraignment. On January 7, 1981, less than a week before the trial, defendant moved for disqualification of the judge. His motion was sustained and the case was reassigned to a different judge on January 20, 1981. Three days later, the state requested a trial setting. Trial was set for April 13, 1981, a date within the 180 day limit. However, on April 7, 1981, once again, one week before trial, upon defendant's request his case was removed from the April 13, 1981 setting. The 180 day rule was waived as to this setting. The April 13, 1981 setting was just barely within the 180 day period and it was removed from that setting at the defendant's request. A waiver of the 180 day rule at this setting necessarily contemplates a trial outside of the 180 day period.

In keeping with the spirit of the speedy trial act, on May 6, 1981, the state again requested a trial setting. On June 2, the case was set to be tried on August 18, 1981. Defendant then filed a series of motions, including a motion for continuance filed on June 24, 1981. On July 7, 1981, the defendant requested, and was granted, a change of venue. The case was last set for trial on October 21, 1981, at which time the trial was finally had.

■ The defendant argues that in order for any of the delays caused by his numerous motions to be charged against him, the judge must have made a specific finding in each of his rulings that the ends of justice outweighed the need of the defendant in securing a speedy trial. While the statute does advise such findings, a failure to make such findings does not automatically render the delay one "occasioned" by the state. The defendant overlooks the fact that it is his burden to show the failure to have the trial commence within the 180 day limit was "occasioned" by the state.

The state had to request a trial setting four different times. The first two settings were within the 180 day period. Each need to reset was caused by a motion by the defendant and each delay inured to his benefit. Under this set of facts, the defendant is far from meeting his burden in proving that the failure of the trial to commence within 180 days was occasioned by the state. *State v. Reed,* 640 S.W.2d 188, 192 (Mo.App. 1982).

■ Defendant next complains about the refusal of the trial court to sustain his motion to dismiss on the date of trial by reason of the state's failure to pay his lawyer the sum of $2,000.00. Section 600.150.2, RSMo.1978 (repealed 1982).

Defendant was originally represented by the public defender's office. On April 30, 1981, the public defender was relieved and Attorney Timothy Battern was appointed to represent defendant. On June 24, 1981, defendant's attorney filed an ex parte motion for an advance of expenses to obtain necessary investigation, experts and other services. On July 7, 1981, the trial court sustained attorney's motion in the amount of $2,000.00. The trial court found the services were necessary, but did not find, as mandated by the statute, that the indigent defendant was financially unable to obtain such services. *Id.; State v. Pride,* 567 S.W.2d 426, 429 (Mo.App.1978).

Further, the defendant has not demonstrated how he was prejudiced by the failure of funds. *State v. McCormick,* 426 S.W.2d 62, 63–64 (Mo.1968). The defendant's attorney sought funds for an expert witness and an investigator to prove intoxication on the day of the robbery and habitual drunkeness. He apparently sought to prove the drunkeness was part of, or that it gave rise to, a mental disease or defect would negate intent. He also sought to prove defendant's limited mental capacity.

Defendant's attorney could reasonably contemplate after *State ex rel. Wolff v. Ruddy,* 617 S.W.2d 64 (Mo.banc 1981), that there would be no funds from the State Public Defender's Commission. Accordingly, he responded by using a non-expert witness to prove defendant's intoxication on the day of the robbery. The habitual drunkeness theory was apparently no longer viable as a defense in that defendant's mother testified that she had not known her son to drink anything but beer. She also testified that her son could neither read nor write and had always attended special classes in school.

Defendant's attorney presented the defense outlined in his motion for advancement of fees. The jury simply chose not to believe his defense in light of the overwhelming evidence of guilt which included two positive identifications of the defendant, defendant's admissions made to a police officer, a written statement dictated by the defendant to a co-defendant and the recovery of the stolen goods and the gun used in the robbery.

In his third point relied on, defendant claims error in the court's striking Venireperson Woemmel for cause at the request of the state. On voir dire this venireperson indicated she would not consider a life term, but would possibly consider a term of ten to thirty years. The state continued its voir dire of the venireperson, whereupon her position changed and she indicated she would not consider a term of thirty years.

Because the trial court is in a far better position to evaluate a venireperson's demeanor, rulings on challenges for cause lie generally within its sound discretion. *State v. Royal,* 610 S.W.2d 946, 950 (Mo. banc 1981). After examining this venireperson's responses concerning her problems with sentencing, we find no abuse of discretion in the trial court's striking this juror for cause.

In his fourth point relied on, defendant complains of the court's refusal to place his ex parte motion for advancement of expenses under seal. He claims the prosecutor's knowledge of the contents of the motion resulted in a disclosure of his trial strategy. The defendant cites only § 600.-150, RSMo.1978 (repealed 1982) in support of his proposition. We find the statute does not require the ex parte hearing to be placed under seal or in any way kept from the prosecutor.

In his fifth point relied on, defendant alleges that his rights were violated and the trial court erred in admitting into evidence his written and oral statements, which he alleged were obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Defendant was first taken into custody by the Ellisville Police Department. He was immediately read his *Miranda* Rights. He signed and dated a waiver form and made note of the time. When the investigator for the Franklin County Sheriff's Department arrived to pick up the suspects, he asked if they had been advised

of their rights. He was informed that the suspects had been read their rights and he was then shown their signed rights waiver forms. The investigator then asked them if they understood their rights and all three, including defendant, indicated they did. The defendant drove from the Ellisville Police Department to the Franklin County Police Department with the investigator. During the ride, defendant stated that he had thrown items of clothing worn during the robbery, along Highway T. He then assisted the investigator in locating them during the drive to Franklin County. Upon their arrival at the Sheriff's Department of Franklin County, the suspects were again read their rights. These facts show a clear indication that defendant was given his rights, he understood them, and had effectively waived them. *State v. Strubberg*, 616 S.W.2d 809, 819 (Mo. banc 1981); *State v. Harvey*, 609 S.W.2d 419, 423 (Mo.1980).

Judgment affirmed.

CRANDALL and REINHARD, JJ., concur.