STATE of Missouri, Plaintiff-Appellant,

v.

A.G., Defendant-Respondent.

No. 46823.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Application for Transfer Denied
June 19, 1984.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, Steven R. Ohmer, Asst. Circuit Atty., St. Louis, for plaintiff-appellant.

Raymond A. Bruntrager, St. Louis, for defendant-respondent.

CLEMENS, Senior Judge.

Appellant-state had charged respondent-defendant, a licensed druggist, with unlawful sale of narcotics under Section 196.060 RSMo. The trial court dismissed the indictment as impermissibly vague.

At issue here are the statutory words excluding narcotic sales made "in good faith". The state has appealed the dismissal. We reverse and remand.

A criminal statute is presumably constitutional; the defendant has the burden of showing it violates the constitution. *State v. Mitchell,* 563 S.W.2d 18[12–14] (Mo. banc 1978).

We look to the challenged statutory words excluding narcotic sales made "in good faith". Of those quoted words the case of *Krone v. Snapout Forms,* 360 Mo. 821, 230 S.W.2d 865[2] (1950), held:

"It has been held that 'good faith' is not an abstract thing, but 'is a concrete quality, descriptive of the motivating purpose of one's act or conduct when challenged or called in question.'"

Following *Krone* we held in *Stix Friedman & Co. v. Fidelity & Deposit Co.,* 563 S.W.2d 517[1–3] (Mo.App.1978):

"A breach of good faith is not so wholly within the realm of the mind that it cannot be reasonably inferable.... Good faith, however, generally imposes a duty on the obligor to use reasonable diligence—the diligence that an honest man of ordinary prudence is accustomed to exercise."

■ It is thus apparent the words in question, "in good faith" are clear and unambiguous, are words in common usage, and therefore need not be defined. As held in *State v. Rodgers,* 641 S.W.2d 83[1–5] (Mo. banc 1982), "failure to define words of common usage which would not confuse the jury does not constitute prejudice." See also *State v. McQueen,* 378 S.W.2d 449[3, 4] (Mo. banc 1964).

*State v. Taylor,* 581 S.W.2d 127[1–3] (Mo.App.1979) held:

"Words of common usage need not be defined and an attempted definition directed to the facts of a particular case would constitute comment on the evidence."

As tersely stated in *State v. Ogle,* 627 S.W.2d 73[5] (Mo.App.1981): "If such instructions employ words of common usage no definition or amplification of such terms is required." To the same effect see *State v. Hurvey,* 544 S.W.2d 593[3, 4] (Mo.App. 1976).

For a host of cases holding it unnecessary to define comparable terms see 9A Mo.Dig. Criminal Law, Key Nos. 800(2) and (4).

The challenged term here was defined in *People v. Nunn,* 46 Cal.2d 460, 296 P.2d 813, 1.c. 818 (1956), holding:

"The phrase 'good faith' in common usage has a well-defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation."

■ We hold the trial court erred in quashing the indictment on the stated ground of lack of definition of "good faith".

KELLY, P.J., and KAROHL, J., concur.