STATE of Missouri, Respondent,

v.

Ronald Lee GOODMAN, Appellant.

No. 56698.

Supreme Court of Missouri,
Division No. 2.

July 17, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

John J. Cosgrove, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

HOUSER, Commissioner.

Ronald Lee Goodman, convicted by a jury of assault with intent to do great bodily harm under § 559.190, RSMo 1969, V.A.M.S. (without malice), and sentenced to 2 years' imprisonment, has appealed.

Appellant's complaint is that the evidence was insufficient to establish that he was guilty of assaulting and wounding the victim, either acting alone or assisting, aiding or abetting his brothers, and therefore it was error to give Instruction No. 3, authorizing conviction upon a finding that appellant "either alone or knowingly acting in concert with others, did" make an assault on one Robert Eugene Garrett.

The jury could have found these facts: Three Goodman brothers, Ronald (this defendant), Harold and Carroll, were fighting at 537 Hocker Terrace, Kansas City, where Garrett (the victim of this assault) had gone to meet his girl friend. Garrett threatened to call the police. Ronald "took a swing" at Garrett without striking him and Harold intervened. Garrett and friend then went to 530 Hocker for a few minutes and then on to 525 Hocker, to visit the Clarks. Later Harold and Carroll came to 525 Hocker. Garrett and friend decided to leave and go out for the evening. As they left Garrett said to the Goodman brothers, "Take it easy," to which one of the Goodman brothers responded, "What do you mean by that?," whereupon Carroll took a swing at Garrett, struck him in the eye and knocked him to the ground, Garrett tripping over a bush as he went down. When Garrett hit the ground one of the brothers kicked him; then both kicked him, and the two continued to kick and beat Garrett for 10–15 minutes. Garrett eventually wound up in the back of 525 Hocker, at the bottom of a 15–20 foot hill. A police sergeant, called to the scene, found Harold Goodman standing over Garrett, beating him with his fists and kicking him. The officer called for him to stop. Harold Goodman stopped the assault and ran up to the sergeant, who arrested and handcuffed him. As Harold desisted and approached the officer, defendant came out of the house and ran down the hill to Garrett's prostrate form. Garrett was bleeding, could not sit up, and "appeared to be out." Defendant sat Garrett up in a sitting position, stepped back and kicked him in the face. Defendant had on shoes. Defendant reached for Garrett and started to kick him again and as he did so the sergeant yelled for him to halt, that he was under arrest and drew his revolver and told "them" to halt or he would fire. Harold Goodman shouted to defendant telling him to get down on the ground; that the officer was going to shoot. Defendant then stepped back, and submitted to arrest on suspicion of aggravated assault. Garrett was taken to Independence Sanitarium for an hour and a half, later to St. Joseph Hospital for three days, during which his jawbone was removed and replaced with a plastic plate and surgery was performed on his eye, leaving scars. At trial time five months later Garrett's left peripheral vision was limited and he had trouble focusing, testifying that when he first looks at something a short distance away "it's sort of double . . . everything runs together."

The foregoing evidence is sufficient to sustain a conviction of defendant of assault with intent to do great bodily harm under § 559.190, both as an individual and as a principal acting in concert with other actors. Defendant's contention that there is no evidence that he assisted, aided or abetted his brothers in assaulting and wounding Garrett stands for disapproval. The jury could find that there was a series

of connected, concerted assaults knowingly inflicted upon Garrett by the three brothers, culminating in the kick in the face brutally administered by defendant. Defendant's argument that he is not guilty of any offense, either individually or as joint participant, is unacceptable. Also unacceptable is defendant's contention that there is no evidence that Garrett was severely injured by the one kick that defendant administered, and no evidence that Garrett suffered "any injury." Defendant is charged as a principal, acting in concert with the others, and under this evidence he is equally responsible for any and all of their acts and for all resulting injuries, no matter which one of them inflicted any particular injury. Defendant is as responsible as if he inflicted all of the injuries. All persons who act together with a common intent and purpose in the commission of a crime are equally guilty, if they share consciously in the criminal act as something they intend to bring about. State v. Paxton, Mo., 453 S.W.2d 923; State v. Gideon, Mo., 453 S.W.2d 938; State v. Gregory, Mo., 406 S.W.2d 662; State v. Woody, Mo., 406 S.W.2d 659; State v. Slade, Mo., 338 S.W.2d 802; State v. Pflugradt, Mo.App., 463 S.W.2d 566 [5]; 22 C.J.S. Criminal Law § 83, p. 246. That the three brothers were acting together with a common intent and purpose and that they consciously shared in the series of assaults upon Garrett and intended to bring them about may reasonably be inferred from this evidence. It is equally well settled that an assault with fists or feet can be a felonious assault. State v. Crossman, Mo., 464 S.W.2d 36 [4]; State v. Gillespie, Mo., 336 S.W.2d 677; State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660; State v. Rose, Mo., 346 S.W.2d 54, 56; State v. Himmelmann, Mo., 399 S.W.2d 58.

No error appearing, the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and FINCH, C. J., concur.