**STATE of Missouri, Respondent,**

v.

**Harold GOODMAN, Appellant.**

**No. 57377.**

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1973.

 

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Robert G. Duncan, Duncan & Russell, Gladstone, for appellant.

STOCKARD, Commissioner.

Harold Goodman was convicted by a jury of assault with intent to do great bodily harm without malice. He has appealed from the ensuing judgment and sentence of imprisonment for a term of two years. The notice of appeal was filed prior to January 1, 1972, and appellate jurisdiction is in this court.

Appellant does not contend that the verdict is not supported by the evidence. Briefly stated, appellant and his two brothers, acting together and in concert, brutally beat and kicked Robert Eugene Garrett inflicting serious injuries on him. This is a companion case to State v. Goodman, Mo., 482 S.W.2d 490, in which appellant's brother, Ronald, was convicted of assault arising out of the same incident. Although the evidence in the two trials is not precisely the same it is substantially so, and reference may be made to the opinion in that case for a detailed statement of the circumstances of the assault.

Appellant first contends that the trial court erred in failing to define the term "great bodily harm" as used in the instructions. We note that the term is not defined in the proposed Missouri Pattern Criminal Instructions. We also note that appellant made no request to the trial court that the term be defined. It has long been the rule that words of common usage which are generally understood, when used in a charge to the jury, need not be defined in the absence of a request, State v. Churchill, Mo., 299 S.W.2d 475; State v. Todd, Mo., 372 S.W.2d 133; State v. Hammond, Mo., 447 S.W.2d 253, and not always when requested. State v. Taylor, Mo., 486 S.W.2d 239. We consider the words "great bodily harm" to be in the

same category as "reasonable doubt," and in State v. Talmage, 107 Mo. 543, 17 S.W. 990, this court commented that "Reasonable doubt is reasonable doubt, and that is about all that can be said in regard to it." No reasonably intelligent jury could be misled by the use of the term "great bodily harm." Any attempt at an all encompassing definition would only add confusion, and an attempted definition directed to the facts of a particular case would constitute a comment on the evidence. We find no merit to appellant's contention.

Appellant next contends that the court erred in refusing to give an instruction on common assault.

 In the previous case pertaining to the conviction of Ronald Goodman, this court commented that the jury could find that there was a series of connected assaults knowingly inflicted upon Garrett by the three brothers. The evidence in this case authorizes the same finding. Appellant was charged as a principal, acting in concert with others, and under the evidence he was equally responsible for any and all of their acts and for all resulting injuries, no matter which one of them inflicted any particular injury. Appellant is as responsible as if he inflicted all of the injuries, and the intent of one is the intent of the others. State v. Goodman, supra; State v. Paxton, Mo., 453 S.W.2d 923.

Persons are presumed to intend the result of their acts, and the acts of appellant and his brothers resulted in great bodily harm to Garrett. His injuries required the removal of a portion of a bone in his face which was replaced with a plastic plate, and surgery was required on his eye. A police officer testified that it "looked as though he [was] losing an eye, and his face was pulverized." The viciousness and brutality of the attack cannot permit any finding of an intent to inflict anything but a severe and permanent bodily injury.

Appellant testified to the effect that his brother Carroll was the one who kicked Garrett, and in effect that he was not a participant in inflicting the injuries on Garrett. If he is to be believed, he was guilty of no offense. But if he is not believed, he was guilty of the offense charged. "Before instructions on the included or lesser offenses are compelled, * * * there must be evidentiary support for such offenses." State v. Washington, Mo., 357 S.W.2d 92. In this case, there was no evidence authorizing the finding of an intent other than to do great bodily harm, and no instruction on common assault was required.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.