STATE of Missouri, Plaintiff-Respondent,

v.

Euylan V. HURVEY, Petitioner-Appellant.

No. 37688.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 9, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Dec. 20, 1976.

**594**

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

S. Gerald Miller, Clayton, for petitioner-appellant.

DOWD, Judge.

Defendant was convicted of burglary with intent to ravish, § 560.040, RSMo 1969, and sentenced to 10 years in the custody of the Department of Corrections under the Second Offender Act, § 556.280 RSMo 1969. Two points are raised in this appeal.

Defendant first claims that a fatal variance existed between the charges embodied in the information and the evidence offered at trial. Defendant was charged with and convicted of burglary with the intent to ravish. § 560.040, RSMo 1969. The evidence produced at trial was entirely consistent with the information. The evidence showed that the victim was present in her apartment at the time of the offense. Sufficient force was used to break the lock and doorframe. After gaining entrance, the defendant raped the victim. The prior intent to ravish was shown by the completion of the act. *State v. Terry,* 325 S.W.2d 1, 6[7] (Mo.1959). We find no variance between the information and the evidence. The contention is without merit.

Defendant next claims that the court's failure to instruct on the definition of the word "ravish" was prejudicial error. Jury Instruction Number 5 required a finding of an "intent to ravish" in order to find defendant guilty of burglary. Defendant had not originally requested that a definition of "ravish" be given to the jury. Seven minutes after the jury retired to deliberate, the jury sent a note inquiring "what is ravish?" After an off-the-record discussion with counsel, the trial court replied "The jury will be bound by the evidence and the instruction of law as given by the Court."

In criminal cases, the trial court must instruct the jury on all the law necessary to the case, whether requested or not. Rule 26.02(6). Legal or technical terms whose meanings may not be readily comprehended by the jury should be defined. *State v. Jackson,* 369 S.W.2d 199 (Mo.1963). Nevertheless, "it has long been the rule that words of common usage which are generally understood, when used in a charge to the jury, need not be defined in the absence of a request, . . . and not always when requested." *State v. Goodman,* 490 S.W.2d 86, 87 (Mo.1973). Words should not be defined if a reasonably intelligent jury would not be misled by use of the term, if the "attempt at an all encompassing definition would only add confusion," and if "an attempted definition directed to

the facts of a particular case would constitute a comment on the evidence." *State v. Goodman, supra* at 88.

 We believe that the word "ravish", while somewhat archaic, is a common term and a synonym for rape.[1] A recent opinion treats "rape" and "ravish" as synonymous terms and holds that use of the word "ravish" in a jury instruction upon the charge of rape is not erroneous. *State v. Bohannon*, 526 S.W.2d 861, 864 (Mo.App.1975). Had the trial court in the case now before us defined "ravish", the jury might well have been confused. The jury could confuse an instruction defining "ravish" with a verdict directing instruction upon the charge of rape, a crime not charged against defendant.

 Jury Instruction Number 5 is the approved instruction for burglary in the first degree. MAI–CR No. 7.20. The approved instruction does not require or recommend that the court define the felony which the burglary defendant allegedly intended to commit within the building burglarized. The trial court did not err in refusing to give an instruction defining "ravish" since such an instruction is not an MAI–CR instruction. *State v. Abram*, 537 S.W.2d 408 (Mo.banc 1976). *State v. Abram, supra,* held that the trial court in a homicide prosecution erred in giving a jury instruction defining "intends." The definitional instruction was given after the jury had requested it. The Supreme Court reasoned that "intends" or "intentionally" were ordinary terms and should not be defined absent an MAI–CR instruction. *State v. Abram, supra* at 411.

We have found no error. The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.

---

1. Indeed, the definition of forcible rape found in § 559.260 RSMo 1969 is "forcibly ravishing any woman of the age of sixteen years or upward."