STATE of Missouri, Respondent,

v.

Gerald Dean CHANDLER, Appellant.

No. 63887.

Supreme Court of Missouri,
En Banc.

July 6, 1982.

---

Allan D. Seidel, Trenton, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Appellant, Gerald Dean Chandler, was charged with burglary in the second degree (§ 569.170, RSMo 1978). He waived trial by jury and the cause was tried by the court. Appellant was found guilty and sentenced to three years' imprisonment. The

appeal was filed in the Missouri Court of Appeals, Western District, and transferred to this Court by the court of appeals prior to opinion because one of the points asserted is that § 569.170—burglary in the second degree—is unconstitutional. Jurisdiction is in this Court. Mo. Const. art. V, § 3.

The amended information upon which this case was tried alleged:

The Prosecuting Attorney of the County of Grundy, State of Missouri, charges that the defendant, in violation of Section 569.170 RSMo, committed the class C felony of burglary in the second degree, punishable upon conviction under Sections 558.011.1(3) and 560.011 RSMo, in that on December 6, 1979 in the County of Grundy, State of Missouri, the defendant knowingly entered unlawfully in a building located at 913½ Main, and possessed by [names of occupants are omitted as unnecessary to this opinion] for the purpose of committing assault [1] therein.

The state introduced all the evidence in the case, which consisted of the testimony of the three victims. The appellant offered none.

On the evening of December 6, 1979, four junior college students, Craig, Mike, Jamie, and Brad, were in their second-floor apartment in Trenton, Missouri. While they were either sleeping or watching television, they heard several persons outside walk up the stairs to the entrance of their apartment. These persons beat on the exterior door and proceeded to yell, "[l]et us in; we want a nigger". They continued to pound against the door and commenced kicking as well. Just as the door began to give way, one of the intruders smashed a window, reached inside, unlocked the door, and the two individuals, Holcomb and McKee, entered the apartment. The four tenants had never seen these men before and did not invite them in. The intruders shoved the students around and insisted that a "nigger" was amongst them. One of them as-

---

1. The trial court noted and this Court agrees that the better and safer course for a prosecutor to follow is to state in the information or indictment the specific crime or crimes it is contended the defendant intended to commit within the premises, i.e., assault in the first degree (§ 565.050), rather than simply alleging he intended to commit an assault.

serted that his wife had been assaulted by a black person.

Approximately five to fifteen minutes later, appellant entered the apartment and joined in the shoving match. He was also interested in the presence of a "nigger". He indicated that a black man had injured the wife of one of the other intruders. Appellant kicked Brad in the face several times and struck Mike in the throat. After several additional minutes of vehemence, appellant left the apartment with his two companions.

Particular evidence bearing on point 3 was as follows: The door to the apartment remained open after the first two men broke in. Appellant did not participate in the forced entry. He came through the open door and went to the bedroom where the four occupants and the first two intruders, Holcomb and McKee, were gathered. Within a couple of minutes, appellant began shoving the occupants around and yelling about a "nigger", just like the first two had done. All three intruders said that at one time or another.

When appellant entered the bedroom, he said to Brad, "You look like you are pretty tough, stand up here." Brad stood up and appellant shoved him to the floor. Brad got up and sat on the bed. Appellant said, "I have got the fastest feet in the west" and then kicked Brad twice in the head. All three intruders said they were after a "nigger". As the three intruders started out, appellant came back and told Mike to stand up. Appellant then told Mike he looked like a rat and that he (Mike) "would go to the cops" and then put his fist in Mike's throat. When the three intruders became convinced by their search that there were no blacks in the apartment, they left. Craig walked out of the apartment and downstairs with the three intruders. When all three intruders and Craig were outside, all three intruders talked about why they had come to the apartment. They said they were looking for a black and said something about "stringing one up".

At the conclusion of the case, the trial judge entered his verdict and findings of fact, which had been requested, as follows:

The Court finds, beyond a reasonable doubt, the Defendant, Gerald Dean Chandler, guilty of burglary in the second degree as charged by amended information.

The Court further finds beyond a reasonable doubt, the following facts as requested in writing by defendant, to-wit:

1. That on December 6, 1979, in the County of Grundy, State of Missouri, the defendant knowingly entered unlawfully in a building located at 913½ Main;

2. That said building was possessed by Craig, Brad, Jamie, and Mike [last names omitted];

3. That the defendant knowingly entered unlawfully in the building for the purpose of committing the crime of assault therein; and,

4. That the crime that defendant intended when he knowingly entered unlawfully was an assault to cause serious physical injury to another person in violation of Section 565.050 VAMS, Section 565.060 VAMS, and Section 565.070 VAMS. (The latter sections being lesser included offenses of first cited section.)

The appellant makes three points on this appeal. They are set forth in appellant's brief as follows:

1. The trial court erred in finding defendant guilty of the crime charged in that state's evidence failed to establish that the defendant harbored any criminal intent at the time of his entry to the premises.

2. The trial court erred in finding that the defendant was guilty of the crime of burglary in that when the state failed to allege the specific degree of assault intended at the time of the entry, it was bound to prove assault in the first degree and there is no evidence to support the finding of the trial court that the first degree assault was intended.

3. Sec. 569.170 VAMS 1979 should be held to be unconstitutionally vague by this court in that it is over broad and fails to advise the defendant of the conduct which he is required to meet and fails to protect him from possible double jeopardy.

The cause was transferred by the Missouri Court of Appeals, Western District, because appellant contends § 569.170 [2] is unconstitutional as set forth in point 3 above.

Appellant argues the statute is so broad that the conduct of a person cannot be determined by the language used and that a person could offend against the statute by entering his own home because the statute does not require the property entered be the property of another and, therefore, the statute is void for vagueness and overbreath.

In *Colton v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the Court stated:

> The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

*Id.* at 110, 92 S.Ct. at 1957.

█ The crux of the statute is that the person knowingly [3] enters unlawfully or knowingly remains unlawfully [4] in a building or inhabitable structure [5] for the purpose [6] of committing a crime [7] therein. The statute is sufficiently specific to give fair warning of the conduct prohibited by it and is not void for vagueness or overbreath.

█ As to the assertion that one might be theoretically guilty of burglary in his own home, and without deciding the hypothetical question, suffice it to say that if the person was privileged to enter it when he

did he would not be guilty of the crime of burglary regardless of what other crimes he may have committed therein. The statute is not facially unconstitutional. The point is overruled.

As to point 2, the information charged, among other things, that the defendant knowingly entered the building possessed by certain named persons "for the purpose of committing assault therein". Appellant contends that the failure of the state to allege the specific degree of assault—assault in the first degree (565.050), second degree (565.060), or third degree (565.070)—requires the state to prove assault in the first degree and the fact finder, here the court, find that the highest degree of assault was committed.

█ "Assault" is a crime. Sections 565.-050, 565.060, and 565.070. The intent to commit the lesser of the three—565.070—was sufficient to satisfy that element of the burglary second degree statute (§ 569.170), which requires a defendant have the "purpose of committing a crime therein."

Appellant has cited no authority for the proposition put forward in point 2 and we know of none. The point is overruled.

█ Point 1 attacks the sufficiency of the evidence with respect to that element of burglary in the second degree which requires that appellant "knowingly entered unlawfully" because at the time appellant entered the apartment the door was already open and he simply walked through it; that there was no evidence to indicate to appellant that the original entry was forceful or that he knew the original entry was forced.

---

**2.** Section 569.170 provides:

Burglary in the second degree.—1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

2. Burglary in the second degree is a class C felony.

**3.** *See* § 562.016.3 for definition of "knowingly".

**4.** *See* § 569.010(8) and MAI–CR 2d 33.01, p. 33 17, effective 1/1/79 for full definition. In

short, it defines the phrase by stating, "a person enters unlawfully or remains unlawfully in or upon premises when he is not licensed or privileged to do so."

**5.** *See* § 569.010(2) for definition of inhabitable structure, and MAI–CR 2d 33.01, p. 33–23.

**6.** *See* § 562.016.2 and MAI–CR 2d 33.01, p. 33–36, for definition of acting "purposely".

**7.** *See* § 556.016 and MAI–CR 2d 33.01, p. 33–13, for definition of "crime".

■ The evidence has been set forth and it need not be repeated. It was not necessary to a conviction that appellant participate in the forced entry or that an entry was forced at all. It is necessary to a conviction that the evidence support the finding beyond a reasonable doubt that appellant knew he was entering the premises unlawfully. In other words, appellant knew he had neither license nor privilege to enter. It is further necessary that the evidence support a finding beyond a reasonable doubt that appellant made that entry for the purpose of committing a crime in the apartment.

The evidence as to knowledge of unlawful entry by appellant and intent on his part, at the time of entry, to commit a crime in the apartment is circumstantial in nature in this case buttressed by appellant's statements during and after the assaults. However, this evidence leaves no reasonable basis for concluding anything other than that the appellant and his two companions were acting together throughout the whole affair, that the appellant knew he had neither privilege nor license to enter the apartment, and that the entry was done to commit a crime. The announced purpose was to get a "nigger" and do him harm. Their method and purpose was to assault the occupants and to that end the appellant did assault two of the occupants.

■ Evidence that the crime (assault) was completed is evidence from which the fact finder may find that the prior intent to do so existed at the time of entry under the facts and circumstances shown in evidence in this case. *State v. Hurvey*, 544 S.W.2d 593, 594[1, 2] (Mo.App.1976).

■ The Court holds that the evidence was sufficient for the trial court to find beyond a reasonable doubt that appellant was guilty of burglary in the second degree (§ 569.170). The point is overruled.

The judgment is affirmed.

All concur.