**STATE of Missouri, Respondent,**

v.

**Todd Christopher IRONS, Appellant.**

No. 46814.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Application to Transfer Denied
July 17, 1984.

Debra Buie Arnold, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Todd C. Irons guilty of acting with three others in the armed robbery of a jewelry store. The evidence was overwhelming. The trial court sentenced defendant as a prior offender to 30 years in prison.[1]

Here defendant claims error in giving paragraph four of Instruction MAI–CR 2d 2.12 the verdict director. This on the ground the prescribed term "acting together" with another was a roving commission and a nebulous concept and failed to say what specific acts would constitute criminal conduct.

The state contends defendant's argument was harmless and without merit.

The challenged paragraph of MAI–CR 2d read:

"Fourth, that with the purpose of promoting or furthering the commission of robbery in the first degree, the defendant acted together with other persons in committing that offense."

Note that the now challenged instruction does not use the words "acting together" vaguely. It requires the jury find defendant acted with others for the purpose of furthering the commission of the robbery.

We hold the term "acting together" need not have been defined, particularly where those words were specifically qualified by the quoted phrase "for the purpose of furthering the commission of the robbery". This because the words "acting together" are of "common usage which are generally understood" and need not be defined.

---

1. Defendant does not appeal from the two consecutive five-year concurrent sentences for carrying a concealed weapon and resisting arrest.

*State v. Hurvey,* 544 S.W.2d 593 [3–4] (Mo. App.1976).

Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.