**STATE of Missouri, Respondent,**

v.

**Kenneth WILLIAMS, Appellant.**

**No. 47725.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1984.

Motion for Rehearing and Transfer Denied Nov. 20, 1984.

Application to Transfer Denied Dec. 18, 1984.

Debra Buie Arnold, St. Louis, for appellant.

Thomas Carter, II, Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant was convicted of robbery, in the first degree, a violation of § 569.020, RSMo.1978 and felonious restraint, a violation of § 565.120, RSMo.1978. He was sentenced as a persistent offender to a term of fifteen years on the robbery conviction and a concurrent term of ten years on the felonious restraint conviction. Defendant appeals. We affirm.

There was evidence from which the jury could have found that at approximately 8:30 p.m. on December 15, 1982, Floyd Phillips left a tavern in the City of St. Louis. As he entered his car, Bruce Sampson, came up, pointed a .38 caliber revolver at

him and announced, "this is a holdup." Defendant then entered the passenger side of the car. The trio drove off towards East St. Louis. At some point, en route, Sampson handed defendant the weapon. In East St. Louis, defendant took the victim's watch and Sampson took his wallet. They returned to St. Louis where the victim was released and Sampson and defendant drove off in defendant's car.

On appeal, defendant contends the trial court committed plain error in submitting the verdict directing instructions to the jury. Instruction No. 5 provided:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 15, 1982, in the City of St. Louis, State of Missouri, the defendant or another person stole a watch and an automobile in the possession of Floyd Phillips, and

Second, that the defendant or another person in doing so threatened the immediate use of physical force on or against Floyd Phillips for the purpose of preventing resistance to the taking of the property, and

Third, that in the course of stealing the property, the defendant or another person displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument,

then you are instructed that the offense of robbery in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of robbery in the first degree, the defendant *acted together* with or aided another person in committing that offense,

then you will find the defendant guilty under Count I of robbery in the first degree. (emphasis added)

Instruction No. 6 provided:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 15, 1982, in the City of St. Louis, State of Missouri, the defendant or another person restrained Floyd Phillips so as to interfere substantially with his liberty, and

Second, that such restraint was without the consent of Floyd Phillips by means of forcible compulsion, and

Third, that such restraint exposed Floyd Phillips to a substantial risk of serious physical injury,

then you are instructed that the offense of felonious restraint has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of felonious restraint, the defendant *acted together* with or aided another person in committing that offense,

then you will find the defendant guilty under Count II of felonious restraint. (emphasis added)

Defendant contends that the fourth paragraph in each instruction which contains the words "acted together" constitutes a misstatement of Missouri law, and gives a roving commission to the jury by failing to recite what specific acts would constitute criminal conduct. The instructions as given properly track ˙MAI–CR2d 2.12 (1983 revision) as modified by MAI–CR2d 23.02 and MAI–CR2d 19.22. We rejected a contention that such a phrase gave the jury a

**356**

roving commission and was a nebulous concept in *State v. Irons,* 672 S.W.2d 87 (Mo. App.1984). We find no error, let alone plain error.

Affirmed.

KAROHL and CRANDALL, JJ., concur.