STATE of Missouri, Respondent,

v.

Jerry Marvin WEIDE, Appellant.

No. WD 40095.

Missouri Court of Appeals,
Western District.

June 27, 1989.

Motion to Transfer to Court En Banc
Defeated June 27, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Roy W. Brown, Bruce B. Brown (argued), Kearney, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before COVINGTON, Special Judge, Presiding and NUGENT and GAITAN, JJ.

NUGENT, Judge.

Defendant Jerry Marvin Weide appeals from his conviction following a jury trial in which the jury found him guilty of burglary in the second degree. § 569.170.[1] The trial court entered judgment on the jury's verdict and sentenced defendant to seven years' imprisonment, and the defendant appeals from that judgment and sentence.

We reverse the trial court's judgment.

Defendant Weide argues on appeal that the evidence was insufficient to support his conviction for second degree burglary; that because he had pleaded guilty to a municipal charge of disturbing the peace

---

1. All sectional references are to Revised Statutes of Missouri, 1986, unless otherwise noted.

that arose from the same incident, the state's further prosecution on the burglary charge subjected him to double jeopardy; that the trial court improperly instructed on second degree burglary when the information had charged him with first degree burglary; and that the instruction on second degree burglary was too vague to inform the jury of the evidence necessary to convict him. Because our decision turns on the insufficiency of the evidence, we will consider only that point.

The evidence viewed in the light most favorable to the verdict, *State v. Falkner*, 672 S.W.2d 373, 374 (Mo.App.1984), is as follows. Shortly after midnight on January 16, 1986, the defendant and a companion entered the Country Kitchen Restaurant in Warrensburg, Missouri. The restaurant was open for business at that time. Mr. Weide and his companion took a seat at a booth.

From the moment he came through the front door, the defendant was loud, profane, obnoxious and threatening. He directed obscene insults at the waitress who served him and then turned his verbal abuse toward another customer, Jim Billingsley, having overheard that Mr. Billingsley was an off-duty police dispatcher. He later expanded the scope of his insults to police officers in general. During his tirade, he invited Mr. Billingsley outside for a fight, threatening to shoot him.

Mr. Weide's waitress summoned the restaurant manager, Alvin Brownley, to deal with the disturbance. Mr. Brownley told the defendant that he would have to leave the restaurant. After the defendant refused to leave, Mr. Brownley suggested that he was going to call the police and turned toward the kitchen to make his call. The defendant, yelling at Mr. Brownley that he was going to "kick your ass," jumped from his booth to chase him. Mr. Brownley was unaware of the defendant's intentions or actions until after he had passed through a swinging door into the kitchen area and a waitress warned him of Mr. Weide's pursuit. He responded to the defendant's attack by slamming the kitchen door against the defendant, trapping his arm and shoulder in the door frame.

Another employee then tried to restrain the defendant. After those two passed through the door into the kitchen, the cook, a very large man, subdued him. The cook escorted the defendant out of the restaurant, and he did not return.

Before discussing the question of the sufficiency of the evidence we believe one other aspect of this case should be made clear. Before the trial of this case, defendant filed a motion to dismiss the information on the ground that he had already been "charged and convicted of offenses arising out of the same incident and identical to the charges contained in the ... information," a violation of the Double Jeopardy Clause.

■ Defendant based his double jeopardy motion on the fact that he had been convicted in the Warrensburg municipal court on a charge of disturbing the public peace for unlawfully disturbing the peace of Karen Jenkins, James Billingsley and Frederick Lews by the use of loud, obnoxious and threatening comments and actions apparently directed at those persons.

The trial court denied defendant's motion, and the case proceeded to trial. The prosecution presented the case at trial and now argues it on appeal on the theory that the burglary charged against defendant Weide in the information occurred when the defendant entered the kitchen. (The information does not charge him with unlawfully remaining in the building.) The state's brief argues, "Appellant's unlawful entry occurred when he entered the north door with his left arm and shoulder during his pursuit of the manager, Brownley. This door led to Brownley's office and the kitchen."

The state's brief further distinguishes defendant's behavior in the restaurant before he turned toward the kitchen from his conduct upon entering the kitchen. The brief argues that by his loud and lewd shouting and threats to Karen Jenkins, James Billingsley and Frederick Lews defendant disturbed the public peace. Then, the argument continues, by his unlawful

entry into the kitchen to commit an assault, defendant committed the separate and distinct offense of burglary and that each act had an element not common to the other. That argument addressed defendant's double jeopardy claim.

The reason the state stresses the distinction between defendant's assaultive invasion of the kitchen and his loud mouthings that disturbed the peace of Karen Jenkins, James Billingsley and Frederick Lews is that the city had already prosecuted him for that disturbing of the peace. Further prosecution based on that obnoxious behavior was barred by the Double Jeopardy Clause.

Thus the state prosecuted defendant for the burglary based upon defendant's later conduct in invading the kitchen area to assault Mr. Brownley. The trial court instructed the jury on the same theory.

The prosecutor correctly chose to prosecute defendant for the burglary in entering the kitchen. The facts in this case did create the possibility of double jeopardy. The Missouri Supreme Court in *Weaver v. Schaaf,* 520 S.W.2d 58, 62–64 (Mo.1975) (en banc), recognized that the United States Supreme Court decision in *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), precludes the state's prosecution of a criminal defendant charged with the same acts for which he had been prosecuted in a municipal court. In *Waller,* the Court rejected the contention that municipalities and states are separate sovereigns. Because the municipality's power to prosecute the defendant "springs from the same organic law" that provides the state's power to prosecute, subsequent prosecution for the same offense violates the Double Jeopardy Clause. *Id.* at 394–95.

The municipal disturbing the peace ordinance prohibits threatening to commit a crime against any person. Defendant's threat to kick Mr. Brownley's ass would have supported a charge under the ordinance. The same threat provides the basis for the state's proof that he unlawfully remained with the intent to commit a crime. Thus, prosecution of Weide for his acts in the public portion of the restaurant would have been a prosecution for the very offense to which he pleaded guilty in the municipal court. That is clearly why the state prosecutor did not charge defendant Weide with "remaining unlawfully in a building" (MACH–CR 23.52) as he could have, and that is why we say he correctly chose to prosecute defendant for burglary in "entering" the kitchen.

We turn now to the question of the sufficiency of the evidence to convict defendant Weide of burglary in entering the kitchen.

At trial the state presented a photograph of the kitchen door. It shows that the door, located at the end of a row of booths, is partially covered by sheet metal and has a small window at eye-level. Restaurant employees testified that only employees are allowed in the kitchen, but no sign appears on or near the door to indicate what lies behind it or that passage through the door is restricted to employees.

The state's information charged in Count I that the defendant

knowingly entered unlawfully in a building, located at Highway 50 and 13 Junction in Warrensburg, Missouri, and owned by Country Kitchen Incorporated, for the purpose of committing assault therein, and while in such building there was present in such building, Alvin Brownley, a person who was not a participant in the crime.

Section 569.170 provides in relevant part as follows:

Burglary in the Second degree.—

1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

Section 562.016.3 defines "knowingly" as follows:

A person "acts knowingly", or with knowledge, (1) With respect to his conduct or to attendant circumstances when he is aware of his conduct or that those circumstances exist; or (2) With respect to a result of his conduct when he is

aware that his conduct is practically certain to cause that result.

Finally, § 569.010(8) defines "enter unlawfully or remain unlawfully":

[A] person "enters unlawfully or remains unlawfully" in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his purpose, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public.

To sustain a conviction against a challenge for insufficient evidence, the state must present substantial evidence to prove each element of the crime charged. *State v. Smith,* 485 S.W.2d 461, 464 (Mo.App.1972). The state's information charged that the defendant (1) knowingly unlawfully entered (2) a building (3) with the intent to commit assault therein. Proof of all of those elements would support a conviction of burglary in the second degree. *See State v. Neighbors,* 613 S.W.2d 143, 146 (Mo.App.1980).

The state's theory is that Mr. Weide committed second degree burglary when he entered the kitchen area of the restaurant with the intent to assault Mr. Brownley. Defendant Weide argues, however, that the state failed to prove that he "knowingly unlawfully entered" a building. We agree with the defendant.

As § 562.016.3 indicates, for the defendant to have "knowingly unlawfully entered" the kitchen, he must have been aware that his entry was unlawful. The restaurant is clearly a public place, but the state argues that the kitchen is not. Entry into a non-public portion of a public place may constitute unlawful entry under § 569.010(8). Because the restaurant employees testified that only employees are allowed in the kitchen, the state believes that it established that Mr. Weide unlawfully entered the kitchen when he passed through the door.

The state's evidence fails, however, to show that Mr. Weide made his unlawful entry "with knowledge." Mr. Weide did not testify and the state introduced no admission of his knowledge, therefore, the prosecutor could only prove defendant's knowledge of unlawful entry with circumstantial evidence. *See State v. Taylor,* 714 S.W.2d 767 (Mo.App.1986) (because the mental element of a crime is seldom susceptible to direct proof, it may be established by circumstantial evidence). When the state relies on circumstantial evidence to secure a conviction, "the facts and circumstances on which the state relies must be consistent with guilt and inconsistent with any reasonable theory of innocence, and they must exclude every reasonable hypothesis of the defendant's innocence." *State v. Prier,* 634 S.W.2d 197, 199 (Mo. 1982) (en banc).

Here, no visible signs indicated that the restaurant prohibited public entry through the swinging door or even indicated what was behind the door. The state argues that most people know that the public is not invited to enter a restaurant's kitchen. That does not, however, remove the reasonable possibility that one might find restrooms or another public portion of the restaurant behind the unmarked door. Granted, Mr. Weide's purpose in following Mr. Brownley was clearly not to find the restroom, nevertheless, proof that the defendant had an unlawful purpose (assault) when he caught Mr. Brownley does not establish that he knew he would have to make an unlawful entry to achieve his purpose.

The state relies on *State v. Oropeza,* 735 S.W.2d 2 (Mo.App.1987), for the proposition that the defendant's unlawful purpose provided evidence that he knew his entry was unlawful. In *Oropeza,* the defendant challenged the sufficiency of the evidence to show that he "knowingly unlawfully entered" a dairy warehouse. The evidence showed that he entered the warehouse from an alley and that the victim discover-

ed the defendant crouching behind a chair. The defendant's attempt to conceal his entry provided evidence of his knowledge that his entry was unlawful. *Id.* at 5.

Here, Mr. Weide made no attempt to conceal his purpose; his profane screaming disclosed his purpose to all present in the restaurant. The defendant apparently would have been satisfied to "kick [Mr. Brownley's] ass" wherever he caught him. His intent to assault Mr. Brownley does not establish beyond a reasonable doubt his knowledge that his entry beyond the kitchen door was unlawful. We find *Oropeza* inapposite.

We conclude that the state has failed to establish, as a necessary element of second degree burglary, that defendant Weide "knowingly unlawfully entered" the kitchen of the Country Kitchen Restaurant. Therefore, his conviction cannot stand.

Accordingly, we reverse the judgment of the trial court and discharge the defendant.

All concur.