**STATE of Missouri, Plaintiff–Respondent,**

v.

**A.C. JACKSON, Defendant–Appellant.**

**No. 19723.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 3, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

A.C. Jackson (defendant) was convicted, following a jury trial, of burglary in the second degree. § 569.170.[1] He appeals contending the state failed to present sufficient evidence from which a jury could find him guilty. This court affirms.

In reviewing the sufficiency of evidence in a criminal case, appellate courts accept as true all evidence favorable to the state, as well as all favorable inferences drawn therefrom, and disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc), *cert. denied*, —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993), *citing State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). Evidence is sufficient to support a conviction if, based on it, a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

During the early evening of October 26, 1993, Jesse Lee Judge, Dawn Jackson, Bobby Jackson, Melanie Singleton and defendant went to a convenience store, P.J.'s Conoco, in Poplar Bluff. Defendant went into the store. He then entered a storage room through an inside door. A clerk working in the store that evening did not know if the door from

---

1. References to statutes are to RSMo 1986.

the store into the storage room was open or closed. It was not locked.

Another door led from the storage room to the outside. It was locked. It had a slide lock on the inside. After defendant entered the storage room, he opened the outside door and exited through it.

Jesse Judge was sitting in the pickup truck in which the group was travelling. Defendant waved to Judge. Judge got out of the pickup and followed defendant back into the storage room. They entered through the outside door. They took cases of soda and beer from the storage room and put them in the back of the pickup truck.

Marjorie and Frank Hart were parked at the far end of P.J.'s Conoco away from the outside door to the storage room. They had purchased food from a nearby fast-food restaurant and were sitting in their vehicle eating. They saw defendant's vehicle enter the parking lot and saw defendant get out of the pickup and go into the store. They saw him come out of the storage room door onto the parking lot.

Mr. and Mrs. Hart watched defendant and Jesse Judge go back into the storage room, bring cases of beverages from the storage room and load them into the pickup. When defendant drove the pickup out of the parking lot, the Harts followed until they could get the license number. They returned to the convenience store and reported what they had observed to the store clerk. The clerk called the police.

At trial, defendant filed motions for judgment of acquittal at the close of the state's evidence and at the close of all the evidence. Both motions sought dismissal of the charge because, among other things, "[t]he State ... failed to prove the elements of the crime alleged in the information" and "the evidence [was] insufficient as a matter of law to support a finding of guilt." The motions were denied.

The elements of burglary in the second degree, as charged in this case, are knowingly entering unlawfully in a building or inhabitable structure in order to commit a crime therein. *See* § 569.170(1).

Defendant presents one point on appeal. He contends the trial court erred in denying the motions for acquittal filed at the close of the state's evidence and at the close of all the evidence. He argues that the state's evidence was not sufficient to prove beyond a reasonable doubt that he knowingly entered unlawfully into the storage room.

Defendant succinctly states his argument as follows:

The state's evidence ... showed only that PJ's has a storage room with an entrance from inside the convenience store, as well as an outside door on the same side of the building as the main entrance. The room is "obviously a storage room," although neither door was at that time marked "private" or "employees only." The outside door was locked from the inside, but the inside door could have been left open that night, although it is usually closed. [Defendant] did not have permission to enter the storage room through either door.

Jesse Judge testified that when they stopped at PJ's that day, [defendant] walked into the store and back out through the outside door of the storage room. He motioned for Jesse, and the two went into the storage room and grabbed four or five cases of beer and sodas. [Defendant] made two trips into the storage room. They put the beverages in the back of the pickup truck.

There was no evidence from which the jury could have found that [defendant] *knowingly* entered the storage room unlawfully. The door inside the store was not marked, and it could very well have been standing open.... That [defendant] may have chosen to steal beverages from that part of the store adds nothing to the inquiry. That is no different than if he had stolen them from the main part of the store, unless it is proven that he *knowingly* was in a *restricted* area. [References to trial transcript omitted.]

Defendant's argument is based on two prerequisites for conviction: (1) the state had to present substantial evidence to prove each element of the offense charged, *State v. Weide*, 775 S.W.2d 255, 258 (Mo.App.1989);

and (2) defendant must have been aware that his entry into the area from which the beverages were stolen was unlawful. *Id.; see also* § 562.016.3.

He relies on *State v. Weide, supra,* to support the argument that the state failed to present evidence from which a reasonable juror could have found that he knew his entry into the storage room was unlawful. In *Weide* a defendant was charged with second degree burglary based on his entry into the kitchen area of a restaurant for purposes of committing an assault. The defendant in that case followed the person he assaulted through a swinging door that led from the public part of a restaurant into the kitchen area. He committed the assault in the kitchen. The information that charged him with burglary in the second degree alleged that he knowingly entered a building with the intent to commit assault therein.

There was no sign at the restaurant notifying the public that they were not permitted to enter the area beyond the swinging door; nor was there evidence of other notice that the area beyond the swinging door was not a public area. The court found that the evidence failed to exclude the reasonable possibility that one might have expected to find restrooms or another public part of the restaurant behind the unmarked door. It concluded, "Granted, Mr. Weide's purpose in following [the victim] was clearly not to find the restroom, nevertheless, proof that the defendant had an unlawful purpose (assault) when he caught [the victim] does not establish that he knew he would have to make an unlawful entry to achieve his purpose." 775 S.W.2d at 258.

The principle upon which *Weide* was determined is applicable to this case. However, the facts differ. In this case, although the state's evidence was that defendant first entered the storage area through an unlocked (and perhaps open) doorway that led from the public area of the convenience store, he left the storage area through another door— one to the outside that, inferably, he had to unlock. After motioning for an accomplice to join him, defendant re-entered the storage room through the door to the outside that he had just unlocked. Defendant and his accomplice then stole merchandise from the storage room.

 All the state had to show to establish defendant knew he entered the storage room unlawfully was that he knew he had neither license nor privilege to enter. *State v. Chandler,* 635 S.W.2d 338, 342 (Mo. banc 1982); *State v. Morris,* 654 S.W.2d 186, 188 n. 1 (Mo.App.1983). The evidence that defendant found a locked door to the outside and unlocked it so he and his accomplice could enter the room directly from the parking lot was sufficient to permit a reasonable juror to find that defendant knew his re-entry into the storage room was unlawful. Defendant's point is denied. The judgment of conviction is affirmed.

GARRISON, P.J., and CROW, J., concur.